226

Allen R. LEE *v.* Glenna R. LEE

CA 83-388

674 S.W.2d 505

Court of Appeals of Arkansas
Division II
Opinion delivered August 29, 1984

*Young, Patton & Folsom,* by: *Nicholas H. Patton,* for appellant.

*Lincoln & Orsini, P.A.*, by: *Charles J. Lincoln* for appellee.

GEORGE K. CRACRAFT, Chief Judge. Allen R. Lee and Glenna R. Lee were divorced by a decree which made provision for custody, support and alimony and disposed of their personal property. By stipulation of the parties the court postponed the division of the balance of their property until a later date as authorized in *Forrest* v. *Forrest*, 279 Ark. 115, 649 S.W.2d 173 (1983). Several years elapsed before the matter of property settlement was determined by the court.

The parties had been separated for over a year before the divorce decree was entered. While separated, but before the decree was entered, Allen purchased a home in which he resided until after the divorce had been granted. No marital funds were used in the purchase of that property which he bought entirely with borrowed funds. Nearly a year after the divorce Allen Lee sold the home for a net profit of $9,000.

In the order now appealed from the chancellor entered judgment for the wife for one-half of the profit derived from the sale of the residence and allowed her attorney's fee and costs. The appellant brings this appeal contending that the trial court erred in granting the judgment because the property had been acquired by the husband while separated from the wife and should therefore be treated as his separate property. We do not agree.

Both parties argue that the law applicable to the issue is Ark. Stat. Ann. § 34-1214(B)(3) (Supp. 1979) which provides in pertinent part as follows:

> For the purpose of this statute "marital property" means all property acquired by either spouse subsequent to the marriage except . . . (3) property acquired by a spouse after a decree of legal separation.

Appellant argues that although the parties had not obtained a decree of separate maintenance at the time the property was acquired they had been separated for a time and "a narrow application of the statute to the facts would be inequitable." The clear wording of the section exempts

from marital property status only that property acquired by a spouse after a decree of legal separation. Had the legislature intended to also exclude property acquired after separation by mutual consent it might easily have said so. The property in question was marital property.

Section 34-1214(B) merely defines the term "marital property." Its disposition is governed by sub-section (A)(1) which provides that all such property shall be divided equally unless the court finds such a division to be inequitable after giving consideration to nine specified factors. Had the chancellor found an equal division of that property inequitable he could have divided it differently.

From our review of the record we find nothing which would compel the chancellor to make a division other than an equal one. The appellant is a cardiologist and since the divorce he has prospered. According to the tax returns contained in the record he had gross income of over $200,000 in 1982 and had substantial investments in other properties and tax shelters. The appellee, on the other hand, had take-home pay of $465 per month. The record is not clear as to the income of the appellant at the time of the divorce but the record does disclose that he was then practicing medicine and that his prospects for future acquisition far exceeded those of the appellee. We cannot conclude that the chancellor abused his discretion in making an equal division of marital property.

Appellant next contends that the court erred in awarding judgment against the appellant for costs and for the attorney's fees. It is well established that the allowance of fees is within the sound discretion of the trial court and will not be disturbed on appeal in the absence of a showing of clear abuse. *Ford* v. *Ford,* 270 Ark. 349, 605 S.W.2d 756 (1980). There are many factors the court can consider in determining whether to grant attorney's fees and in what amount. As stated previously the appellant's income form his practice of medicine alone was in six figures. The wife's net income other than alimony and child support was less than $6,000 a year. There was evidence that in order to maintain herself and her children in their accustomed

station in life she was required to expend all of the alimony, support and her own income in maintaining the family. We cannot conclude that there was any abuse of discretion by the chancellor in making this award.

Affirmed.

GLAZE AND CORBIN, JJ., agree.