Herman Frederick FRANKLIN *v.* Phoebe Ann
FRANKLIN

CA 88-135                                     758 S.W.2d 7

Court of Appeals of Arkansas
Division II
Opinion delivered October 5, 1988

288

*Burbank, Dodson & McDonald*, by: *Gary D. McDonald*; and *Beverly Carpenter*, for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *Carol Crafton Anthony*, for appellee.

DONALD L. CORBIN, Chief Judge. This appeal comes to us from the Union County Chancery Court. Both parties appeal from the decree and order filed of record January 19, 1988. We affirm in all respects.

Herman and Phoebe Franklin were married December 12, 1957. The parties separated on or about October 9, 1984, and Mr.

Franklin petitioned the court for absolute divorce. The case was heard on August 24, 1987, and a decree awarding divorce was filed January 19, 1988. The decree also disposed of the parties' property and awarded bi-monthly alimony to Mrs. Franklin.

For reversal, appellant, Herman Franklin, raises the following five points: (1) The chancellor erred and abused his discretion in awarding alimony to Mrs. Franklin; (2) alternatively, the chancellor erred in the amount of alimony awarded; (3) alternatively, the chancellor erred in awarding alimony retroactively; (4) the chancellor erred in failing to adjudicate marital property as of October 9, 1984; and (5) the chancellor erred in awarding Mrs. Franklin an unequal division of marital property. Appellee, Phoebe Franklin, filed a cross-appeal asserting the following two points: (1) The chancellor erred in refusing to allow Mrs. Franklin to name a contingent alternative payee on the retirement benefits; and (2) the chancellor abused his discretion in failing to award Mrs. Franklin an attorney's fee.

Appellant's first three points regarding the alimony will be treated together. The award of alimony in a divorce action is not mandatory but is a question which addresses itself to the sound discretion of the chancellor and the appellate court will not reverse absent a clear abuse of that discretion. *Wilson* v. *Wilson*, 294 Ark. 194, 741 S.W.2d 640 (1987). There are many factors which may be considered in determining whether to allow alimony and fixing the amount to be allowed.

> Among [the factors] are the financial circumstances of both parties, the financial needs and obligations of both the couple's past standard of living, the value of jointly owned property, the amount and nature of the income, both current and anticipated, of both husband and wife, the extent and nature of the resources and assets of each that is "spendable," the amounts which, after entry of the decree, will be available to each of the parties for the payment of living expenses, the earning ability and capacity of both husband and wife, property awarded or given to one of the parties, either by the court or the other party, the disposition made of the homestead or jointly owned property, the condition of health and medical needs of both husband and wife, the relative fault of the parties and their conduct,

both before and after separation, in relation to the marital status, to each other and to the property of one or the other or both,[1] the duration of the marriage and even the amount of child support.

*Boyles* v. *Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980).

The record reflects that the parties were married twenty-seven years prior to their separation. During the period of separation Mrs. Franklin was diagnosed as having multiple sclerosis. Prior to the final hearing Mrs. Franklin resigned from her job due to her inability to properly perform her duties resulting from her health problems. The chancellor found that because of her health and her limited vocational skills, Mrs. Franklin's opportunity to realize gainful employment and to acquire capital assets was poor. We cannot say that such a finding is clearly erroneous. The record also reveals that Mr. Franklin has steady employment from which he nets approximately $33,000 per year and receives various other benefits in connection with his employment. We cannot conclude under these circumstances that the chancellor abused his discretion in awarding alimony to Mrs. Franklin.

The same factors are considered in determining the amount at which to fix the payments. *See, id.* Using the Arkansas Domestic Relations Manual support chart as a guide, the chancellor awarded Mrs. Franklin bi-monthly alimony of $244. Appellant contends that the chancellor erred in using the chart because it is designed for use only in situations where the court awards child support to a custodial parent of dependent children, and that the chancellor did not consider his "spendable" income as enunciated in *Boyles*. It is clear that the chancellor considered many of the factors enunciated in establishing the amount of alimony. Furthermore, while Mrs. Franklin presented testimony regarding her expenses such as rent and insurance, it does not appear that Mr. Franklin put on any proof regarding his "spendable" income. Although "spendable" income is one of the factors the chancellor *may* consider, he is unable to consider

---

[1] In *Russell* v. *Russell*, 275 Ark. 193, 628 S.W.2d 315 (1982), the Arkansas Supreme Court deleted the relative fault of the parties as a factor considered by the court with regard to alimony.

something not before him. Finally, the chancellor stated that he was using the support chart as a guide. The suggestions for use of the chart, appended thereto, provide that a dependent custodian should be counted as two dependents as a guide in determining support. Although Mrs. Franklin is not a custodian, we find no error in using the chart as a guide and cannot say that the chancellor abused his discretion in fixing the amount of alimony at $244 bi-monthly.

■ Mr. Franklin also argues that the chancellor abused his discretion in awarding alimony retroactively, as of the day following his first letter opinion in the matter. Although the alimony award could not be enforced until the entry of the decree, *see* ARCP Rule 58, the date on which it begins to accrue is a decision within the broad discretion of the chancellor. Appellant has cited no authority which convinces us that the chancellor abused his discretion in this instance.

■ Next appellant argues that the chancellor erred in failing to adjudicate marital property as of October 9, 1984, the date of separation. In support of his argument, appellant cites *Ford* v. *Ford*, 272 Ark. 506, 616 S.W.2d 3 (1981). However, in *Ford*, the supreme court merely upheld the chancellor's unequal division of property, noting that his findings properly addressed the criteria to be considered under the statute in effect at the time. Contribution of each party in acquisition, preservation or appreciation of marital property is a factor to be considered. Although the chancellor in *Ford* seemed to rely heavily on the wife's lack of contribution during the five and one-half years of separation, the supreme court's decision did not imply that the property was not marital property subject to division, nor did it imply that the contribution factor was to be controlling. It is clear from decisions of both our court and the supreme court that assets acquired after separation and prior to a grant of divorce are marital property, and are to be divided giving due consideration to the factors enunciated in Arkansas Code Annotated § 9-12-315(a)(1)(A) (Supp. 1987) (formerly Ark. Stat. Ann. § 34-1214(A)(1) (Supp. 1985)). *See, e.g., Wilson* v. *Wilson*, 294 Ark. 194, 741 S.W.2d 640 (1987); *Lee* v. *Lee*, 12 Ark. App. 226, 674 S.W.2d 505 (1984). We find no error in awarding Mrs. Franklin an interest in assets acquired by Mr. Franklin after separation.

Both parties raise issues on appeal regarding the division of property and the arguments will be treated together. The applicable statute provides as follows:

(a) At the time a divorce decree is entered: (1)(A) All marital property shall be distributed one-half (½) to each party unless the court finds such a division to be inequitable. In that event the court shall make some other division that the court deems equitable taking into consideration:

(i) The length of the marriage;

(ii) Age, health, and station in life of the parties;

(iii) Occupation of the parties;

(iv) Amount and sources of income;

(v) Vocational skills;

(vi) Employability;

(vii) Estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income;

(viii) Contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker; and

(ix) The federal income tax consequences of the court's division of property.

(B) When property is divided pursuant to the foregoing considerations the court must state its basis and reasons for not dividing the marital property equally between the parties, and the basis and reasons should be recited in the order entered in the matter.

Ark. Code Ann. § 9-12-315(a)(1) (Supp. 1987) (formerly Ark. Stat. Ann. § 34-1214(A)(1)).

■ Mr. Franklin asserts error in the chancellor's unequal division of property in the case at bar. Prior to disposition of the parties' property, the chancellor stated in the decree that he based his decision upon the parties' twenty-seven year marriage, Mrs. Franklin's deteriorating health, her poor opportunity to realize

gainful employment and to acquire capital assets, and her limited vocational skills. His findings are amply supported by the record. Mr. Franklin attaches special significance to the fact that the chancellor stated that he found an unequal division to be "appropriate" rather than "equitable." However, we find no such significance in his choice of words and cannot say that the chancellor's findings that the circumstances warranted an unequal division of property, were clearly erroneous.

Mrs. Franklin, in her first point on cross-appeal, argues that the chancellor erred in refusing to allow her to name a contingent alternative payee on her share of the retirement benefits. The chancellor awarded Mrs. Franklin a share of various retirement benefits of Mr. Franklin's but stated that if she predeceased Mr. Franklin her share was to revert back to Mr. Franklin. Mrs. Franklin argues that, in effect, she was given only a life estate in the benefits. We agree that is the effect of the chancellor's ruling. However, we see no error in awarding such a life estate as part of an unequal distribution. As discussed above, prior to disposition of any property the chancellor specifically stated that he was awarding an unequal property division and stated his reasons for so doing. Had the chancellor stated that he was awarding an equal division of property, we would have a different issue before us. We cannot say that the chancellor erred in the manner in which he chose to distribute the property.

Finally, Mrs. Franklin argues that the chancellor erred in failing to award attorney's fees. We disagree. The trial court has considerable discretion in the allowance of attorney's fees in a divorce case, and in the absence of clear abuse, the chancellor's fixing of an attorney's fee will not be disturbed on appeal. *Wilson* v. *Wilson*, 294 Ark. 194, 741 S.W.2d 640 (1987). Unless the chancellor finds it to be equitable, there is no compelling reason for the husband to automatically pay the wife's attorney's fees. *Id.* Upon our review of the record, we cannot say that the chancellor clearly abused his discretion in failing to award attorney's fees to Mrs. Franklin.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.