Walter R. YOCKEY *v.* Nancy Z. YOCKEY

CA 88-18                                        758 S.W.2d 421

Court of Appeals of Arkansas
Division I
Opinion delivered October 12, 1988

322

*Mobley and Smith*, by: *William F. Smith*, for appellant.

*Joe Cambiano*, for appellee.

JOHN E. JENNINGS, Judge. In 1978, appellant, Walter Yockey, paid $1,000.00 for 20% of the stock in Poultry Production Systems, Inc., a closely held family owned corporation. He and the appellee, Nancy Yockey, were married on February 29, 1980. The parties separated on May 29, 1986, and this divorce action followed.

From the date of the inception of the corporation in 1978, and throughout the marriage, Mr. Yockey worked full-time for the corporation, selling and installing poultry equipment. Mrs.

Yockey taught school until 1983 when she began working for Arkansas Power and Light Company. The annual income of each party, as reported for tax purposes, follows:

|        | Nancy Yockey   | Walter Yockey |
|--------|----------------|---------------|
| 1980   | $  11,516.44   | $ 10,000.00   |
| 1981   | 14,151.01      | 1,000.00      |
| 1982   | 13,710.63      | 4,000.00      |
| 1983   | 28,339.30      | 1,292.77      |
| 1984   | 29,882.08      | 6,000.00      |
| 1985   | 31,471.47      | 3,500.00      |
| 1986   | 34,337.34      | 12,840.00     |
| TOTALS: | $ 193,290.35  | $ 38,632.77   |

Mrs. Yockey testified that her husband chose to live on her income and reinvest his money back into the company. The chancellor heard expert testimony that in September of 1987 the value of the corporation was $195,365.00. There was also evidence that, at the time of the marriage, the value of Mr. Yockey's one-fifth interest in the corporation was $2,717.00. From these figures it was calculated that the extent of the increase in value of Mr. Yockey's stock, during the marriage, was $36,356.00. The chancellor awarded Mrs. Yockey one-half of this increase in value, because he believed the increase in value to be marital property under the supreme court's holding in *Layman* v. *Layman*, 292 Ark. 539, 731 S.W.2d 771 (1987).

The primary issue presented on appeal is whether the chancellor was correct in deciding that the increase in value of Mr. Yockey's stock was marital property. We hold that the increase in value was non-marital property and reverse.

Arkansas Code Annotated Section 9-12-315(b) provides:

For the purpose of this section "marital property" means all property acquired by either spouse subsequent to the marriage except:

. . .

(5) The increase in value of property acquired prior to the marriage . . . .

The language of the statute is clear: the increase in

value of property acquired prior to the marriage is not marital property. Although *Layman* v. *Layman*, 292 Ark. 539, 731 S.W.2d 771 (1987) is quite similar factually to the case at bar, it is distinguishable. In that case, Mr. Layman acquired stock in a closely held corporation, by gift from his parents, *after the marriage*. The supreme court held that the increase in value of the stock, during the marriage, was marital property. The court's opinion, however, notes that Ark. Stat. Ann. § 34-1214 (Supp. 1985) (now Ark. Code Ann. § 9-12-315 (1987)) "pointedly [excludes] from the marital property umbrella . . . increases in value of property acquired *prior* to the marriage [emphasis in original]." While it is true that the court in *Layman* cited, with approval, *Jensen* v. *Jensen*, 629 S.W.2d 222 (C.A. Tex. 1982), and that under the holding in *Jensen*, the increase in value of the stock in the case at bar would be treated as marital or community property (under Texas law), it must be recognized that Texas, unlike Arkansas, has no statute expressly governing this particular issue.

■■ The fact that our property division statute provides that the increase in value of property acquired by one party prior to the marriage is non-marital property does not mean that the chancellor, on remand, must award the entire amount of the increase to Mr. Yockey. Instead, the statute expressly provides that the court may make some other division that it deems equitable. Ark. Code Ann. § 9-12-315(a)(2) (1987). If the trial court does determine that it is equitable to divide non-marital property between the parties, however, the statute requires that the court take into consideration those factors listed in Ark. Code Ann. § 9-12-315(a)(1)(A) (1987) and that the court state in writing its reasons. Here, the chancellor believed that the increase in value of the stock was marital property, under the holding in *Layman, supra*. It is appropriate for us to remand the case to the trial court for it to determine whether the increase in value of the stock should be awarded to Mr. Yockey or divided in some way between the parties. As the supreme court has held, the overriding purpose of our property division statute is to enable the court to make a division that is fair and equitable under the circumstances. *See Canady* v. *Canady*, 290 Ark. 551, 721 S.W.2d 650 (1986).

■ The trial court awarded Mrs. Yockey an expert witness

fee of $1,800.00, which she incurred in establishing the increase in value of the stock. While there is no contention that the amount awarded is excessive, we agree with Mr. Yockey that, because we sustain his first argument, we must also reverse the chancellor's award of expert witness fees. On remand, the propriety of awarding expert witness fees will depend upon the chancellor's disposition of the increased value of the stock.

Finally, Mr. Yockey argues that the chancellor erred in awarding Mrs. Yockey a credit for certain expenditures made by her in connection with the home of the parties, during the separation. We find no error in the chancellor's ruling on this matter.

Reversed and remanded.

COOPER and COULSON, JJ., agree.