Paul BUSBY *v.* Toby BUSBY

CA 91-493                                            840 S.W.2d 195

Court of Appeals of Arkansas
Division II
Opinion delivered October 21, 1992

*Butler, Hickery & Long*, by: *Fletcher Long, Jr.*, for appellant.

*W. Frank Morledge, P.A.*, for appellee.

JOHN E. JENNINGS, Judge. On May 14, 1990, Toby Busby filed a suit seeking a divorce from Paul Busby, her husband of twenty-seven years. On May 16, 1991, the St. Francis Chancery Court entered a decree of divorce which divided the property of the parties and awarded Mrs. Busby alimony of $35.00 per week. Mr. Busby appeals, arguing that the court erred in awarding his wife an interest in land he acquired by inheritance during the marriage; in awarding her alimony; and in entering an order nunc pro tunc for the payment of temporary alimony pending the hearing on the merits. We must reverse on the first point.

The land in issue is a 110 acre tract that Mr. Busby inherited from his parents long after the parties married. Its estimated value is $80,000.00. Apparently based primarily on evidence that Mrs. Busby helped in refinancing a loan on the property, the court awarded her an equitable interest in the property in the amount of $5,500.00.

Mr. Busby argues that the chancellor was without authority to award his wife an interest in property acquired by inheritance during the marriage, relying on *Hale* v. *Hale*, 307

Ark. 546, 822 S.W.2d 836 (1992). We agree that *Hale* controls. There, the court said:

> The appellant is correct that Ark. Code Ann. § 9-12-315(a)(2) provides for an equitable division of non-marital property given prior to marriage but does not make the same provision for gift property received during marriage. Were we to hold that the statute authorized a chancellor to divide non-marital gift property, we would be adding words to the statute that simply are not there. In prior cases, we have specifically refused to expand the property-division statute judicially to authorize the chancellor to divide non-marital property acquired by gift during marriage. Rather, we have limited the discretion of the chancellor under the statute to the division of property acquired prior to marriage, as the statute provides. *See Williford* v. *Williford*, 280 Ark. 71, 655 S.W.2d 398 (1983); *see also Smith* v. *Smith*, 32 Ark. App. 175, 798 S.W.2d 443 (1990); *Yockey* v. *Yockey*, 25 Ark. App. 321, 758 S.W.2d 421 (1988). We have previously held that property received by descent, apparently during marriage, is not subject to division in a divorce action. *See Farris* v. *Farris*, 287 Ark. 479, 700 S.W.2d 371 (1985).

*Hale*, 307 Ark. at 551, 822 S.W.2d at 839.

Under the holding in *Hale* the 110 acre tract inherited by Mr. Busby during the marriage was not subject to division by the chancellor.

A hearing on the issue of temporary alimony was held on May 31, 1990. On June 1, 1990, the chancellor wrote to the parties:

> Gentlemen: As you know by now, I did not return from Cross County today in time to take the testimony of Mr. Hood, the CPA of Mr. Busby. As I stated yesterday, I would try to take his testimony this afternoon so that I could decide the issue of temporary support for Mrs. Busby. I also stated that if I could not take this testimony, I would rule on the issue until such time as we could take his testimony. I will have another day of regular court in St. Francis County on June 21st. At that time, we will take

Mr. Hood's testimony. Until that time, it is my opinion that Mr. Busby should pay Mrs. Busby $75.00 per week.

In the final decree the special chancellor who heard the case on the merits stated:

> By letter dated June 1, 1990, Judge Bentley E. Story directed the Defendant pay to the Plaintiff the sum of $75.00 per week, until he had the opportunity to hear additional testimony, which was to have been on June 21st. The Court's opinion was never specifically reduced to an Order. Subsequent to the Court's opinion the Defendant apparently made some payment of the amount directed by Judge Story's letter. It is the determination of the Court that the judgment of alimony/support directed by Judge Story's letter of June 1, 1990, is entered nunc pro tunc by the Court.

■■ Judgments not entered in a record book or noted on a docket are not void but may be entered nunc pro tunc, if it is clearly shown that the judgment of the court has been announced in open court or otherwise actually rendered. *O'Dell* v. *O'Dell*, 247 Ark. 635, 447 S.W.2d 330 (1969). Strict formality in language is not required; a judgment is to be tested by substance not form. *Thomas* v. *McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967). Mr. Busby's argument is that the chancellor's letter of June 1 should be interpreted to mean that the order for temporary alimony would expire on June 21, 1990, whether or not a hearing was held on that date. The special chancellor interpreted Judge Story's letter to mean that temporary alimony should be paid until such time as a subsequent hearing might be held, and we cannot say that that interpretation was wrong.

■ Finally, Mr. Busby argues that it was error to require him to pay $35.00 per week in alimony. An award of alimony lies within the sound discretion of the chancellor, whose decision will not be reversed absent a clear abuse of that discretion. *Aldridge* v. *Aldredge*, 28 Ark. App. 175, 773 S.W.2d 103 (1989). In the case at bar Mrs. Busby has bone cancer. By the time of the hearing her employment with Farm Credit Services had been terminated because of her illness. She received $673.00 per month in social security and $560.00 per month in private insurance benefits. Her medical expenses have been and will be substantial, although

many of her expenses will be covered by insurance.

Mr. Busby is a partner with his brother in a trucking business. By the time of the last hearing no tax return had been filed for the year 1989, but in 1988 the partnership had a gross income of $186,000.00. Mr. Busby's accountant testified that appellant netted $140.00 per week from the business.

██ The argument for reversal focuses on a comparison of the parties' net income as reflected in the testimony. This, however, is not the only factor which the court was entitled to consider. The court could also consider the earning ability and capacity of each party, the property each received in the divorce, and Mrs. Busby's ill health. *See Bolan* v. *Bolan*, 32 Ark. App. 65, 796 S.W.2d 358 (1990); *Franklin* v. *Franklin*, 25 Ark. App. 287, 758 S.W.2d 7 (1988); *Boyles* v. *Boyles*, 268 Ark. 120, 594 S.W.2d 17 (1980). On the facts of this case we cannot say that the chancellor abused his discretion in awarding Mrs. Busby $35.00 per week in alimony.

That portion of the decree which awards Mrs. Busby an equitable interest in land inherited by her husband during the marriage is reversed. In all other respects the decree of the chancellor is affirmed.

Reversed in part and affirmed in part.

DANIELSON and MAYFIELD, JJ., agree.