

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-14-503

| | | |
|---|---|---|
| BRYAN FIELDS | | **Opinion Delivered** March 4, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. DR 2013-748] |
| CHRISTINE FIELDS | | HONORABLE H.G. FOSTER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

**RITA W. GRUBER, Judge**

The parties in this case, Christine and Bryan Fields, were married on September 8, 2012; separated in June 2013; and divorced by decree entered February 5, 2014. The sole issue on appeal is whether the trial court clearly erred in ordering Bryan to pay Christine for expenditures she made to repair or improve his premarital property. We find no error and affirm the court's order.

The parties do not dispute the relevant facts. Bryan owned a home when the parties married.[1] Before they married, Christine moved into this home with Bryan and purchased windows, which were installed in the home. At trial, she introduced the receipt for the windows and a personal check from her own funds in the amount of $4,401 dated August 6, 2012. Christine also testified that she opened a Home Depot credit account in her name while they were married that the parties used to purchase things for the house, including paint, light

---

[1]There was no dispute that the home was premarital property, which Bryan retained after the divorce.

fixtures, and ceiling fans. She testified that everything purchased on this account was related to Bryan's house, that she had made payments on the account, and that the balance on the account at the time of trial was $717. Bryan did not dispute any of this testimony. Bryan testified that, at the time of the hearing, his home was listed for sale for $129,900 and that he had paid $124,000 for the home eight years earlier.

Christine asked the trial court to require Bryan to pay the Home Depot debt and to give her "credit" for the expenditures she incurred for windows for Bryan's house. Her attorney argued that the only evidence of the value of the house before and after installation of new windows indicated a difference of almost $6,000, which, he contended, "roughly coincides with the money spent on the house." He also asked in his closing argument for the court to take judicial notice "that the real estate market has been flat." In its decree of divorce, the trial court required Bryan to pay Christine $717.25, representing the balance of the Home Depot card, and $4,400, representing the amount she spent from her personal funds for windows placed in Bryan's house.

On appeal, Bryan argues that the trial court's order requiring him to pay the Home Depot debt and to reimburse Christine for the amount she spent on the windows was clearly erroneous. Specifically, he contends that Christine failed to meet her burden of proving any increase in value due to those expenditures, that the court made no findings supporting an unequal division of assets, and that the expenditure for windows was a gift before marriage.

We review divorce cases de novo. *Skokos v. Skokos*, 344 Ark. 420, 425, 40 S.W.3d 768, 771 (2001). With respect to the division of property in a divorce case, we review the

court's findings of fact and affirm them unless they are clearly erroneous, or against the preponderance of the evidence; the division of property itself is also reviewed, and the same standard applies. *Id*. at 425, 40 S.W.3d at 772. We give due deference to the trial court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Id*.

We turn first to the trial court's decision allocating the Home Depot debt to Bryan. A trial court's decision to allocate debt to a particular party or in a particular manner is a question of fact, and we will not reverse the finding on appeal unless it is clearly erroneous. *Elliott v. Elliott*, 2012 Ark. App. 290, at 7, 423 S.W.3d 111, 116. While Arkansas law requires the trial court to distribute half of the parties' marital property to each party unless the court finds such a division to be inequitable, there is no presumption that an equal division of debts must occur. *Id*. Arkansas Code Annotated section 9-12-315 does not apply to the division of marital debt. *Williams v. Williams*, 82 Ark. App. 294, 308, 108 S.W.3d 629, 638 (2003). The trial court has authority to consider the allocation of debt in the context of the distribution of all of the parties' property. *Elliott*, 2012 Ark. App. 290, at 7, 423 S.W.3d at 116. The overriding purpose of the property-division statute is to enable the court to make a division that is fair and equitable under the circumstances. *Boxley v. Boxley*, 77 Ark. App. 136, 142, 73 S.W.3d 19, 23 (2002). The court's findings as to the circumstances warranting the property division will not be reversed unless they are clearly erroneous. *Williams*, 82 Ark. App. at 312, 108 S.W.3d at 642. We will not substitute our judgment on appeal as to what exact interest each party should have; we will decide only whether the order is clearly wrong. *Boxley*, 77

Ark. App. at 142, 73 S.W.3d at 23.

Here, the Home Depot debt was incurred solely to pay for repairs and improvements to Bryan's premarital property that he retained after the divorce. Thus, he will be the only beneficiary of either enjoying the improvements or receiving whatever increase in proceeds the improvements bring in a sale of the home. Christine briefly lived in the home: from July 2012 through February 15, 2013. There was no testimony that she took any of the items purchased at Home Depot when she left. We hold that the trial court's division of the Home Depot debt was not clearly erroneous.

Bryan also argues that the trial court erred in requiring him to pay Christine for the amount she spent on windows for his home. He does not dispute that she purchased the windows, the amount that she paid for the windows, or that she purchased them before the parties were married. He argues that Christine did not prove exactly how much value those windows added to his home and, thus, that the trial court's order requiring him to pay her the cost of the windows was clearly erroneous. He also argues that the windows were a gift. But Bryan did not present any evidence or argument to the trial court that they were a gift, so we will not address it here. It is incumbent upon the parties to raise arguments in the trial court to give that court an opportunity to consider them. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 375 Ark. 24, 33, 289 S.W.3d 37, 43 (2008).

Arkansas Code Annotated section 9–12–315(a)(2) requires a court to return property owned by a party prior to the marriage to the party who owned it unless the court deems another division equitable, taking into consideration factors enumerated in subdivision (a)(1)

of the statute. Although the increase in value to this property is not marital property, it is appropriate to recognize a spouse's contributions toward the increase in value when making a property division. *Smith v. Smith*, 32 Ark. App. 175, 182, 798 S.W.2d 442, 447 (1990). The court's findings that the circumstances warrant such a division will not be reversed on appeal unless clearly erroneous. *Id.* Again, the overriding purpose of the property-division statute is to enable the court to make a division that "is fair and equitable under the circumstances." *Id.* The court is given broad powers under Ark. Code Ann. § 9-12-315 to distribute all property in divorces, nonmarital as well as marital, to achieve an equitable division. *Id.* at 184, 798 S.W.2d at 447.

Here, Bryan owned the home prior to the parties' marriage, and Christine owned the windows that were installed in the home. Obviously, it was not practical to return the windows to Christine, and she did not request this. She simply requested to be reimbursed for the expense. The only testimony regarding the value of the home was from Bryan, who testified that his home was listed for sale for $129,900 and that he had paid $124,000 for the home eight years earlier (a difference of $5,900). The windows were placed in the home less than a year before Christine filed a complaint for divorce. Although we cannot say that a determination of value based on cost in this case would be clearly erroneous, the circuit court did not state that it was requiring Bryan to pay $4,400 to Christine based on the increased value to his property. The court ordered him to pay her the money, stating that it represented "the amount she spent from her personal funds for windows placed in [his] house." The court used its broad powers to make a fair and equitable division under the circumstances of this



case. We hold that this division complies with the requirements of Ark. Code Ann. § 9-12-315 and that it is not clearly erroneous.

Affirmed.

VIRDEN and GLOVER, JJ., agree.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellant.

*The Baker Law Firm*, by: *Rinda Baker*, for appellee.