In re Henry W. MUELLER and Bonnie I. Mueller, Debtors.

NEWTON COUNTY BANK, JASPER, ARKANSAS, an Arkansas Corporation, Plaintiff,

v.

Henry W. MUELLER and Bonnie I. Mueller and A. L. Tenney, Trustee, Defendants.

Bankruptcy No. HA–81–67.
Adv. No. 82–36.

United States Bankruptcy Court, W. D. Arkansas, W. D.

March 15, 1982.

Bill F. Doshier, Harrison, Ark., for plaintiff.

Claude R. Jones, Harrison, Ark., for defendants.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING PLAINTIFF'S COMPLAINT FOR RELIEF FROM THE AUTOMATIC STAY OR FOR RECLAMATION

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiff seeks an adjudication in the nature of relief from the stay and reclamation of real property which the debtors have sought to make part of their chapter 13 estate and which is more fully described in the complaint in this action. The parties have agreed to the following facts:

"The Debtors borrowed $28,000.00 from Plaintiff on March 21, 1980, to purchase real property to be used as the principal residence of the Debtors. The Debtors gave to the Plaintiff their Promissory Note secured by a Mortgage on the real estate and residence thereon, and said Mortgage was duly recorded, and a copy of the Note and Mortgage are already filed in this case. The Note provides for acceleration on default of payments and for reasonable attorney fees. The Debtors were erratic in their payments during the latter part of 1980, and only made one payment on the principal in 1981, and in September of 1981, the Plaintiff filed its foreclosure action in the Boone County Chancery Court, accelerating said delinquent Note and asking for Judgment against the Debtors and a foreclosure sale of the property securing the Note. On November 5, 1981, the Plaintiff surrendered said Note and Mortgage to the Boone County Chancery Court in exchange for a Judgment and Foreclosure Decree, and the Plaintiff's Note and Mortgage has been merged into a Judgment of foreclosure filed in the Boone County Chancery Court on November 5, 1981, and a certified copy of said Foreclosure Decree is attached hereto. The foreclosure sale under said Decree was set and advertised for December 16, 1981, but was not held because of notice received from the Bankruptcy Clerk that the Debtors had filed a Chapter 13 Bankruptcy Petition on December 1, 1981.

"Plaintiff filed its claim herein on January 8, 1982, based on the Judgment, in the amount of $30,727.05, which is the amount of the Judgment rendered by the Boone County Chancery Court, plus interest accruing before the Bankruptcy Petition was filed. Actually, the total debt of the Plaintiff as of February 5, 1982, including all interest accrued and the insurance premium, court costs, and attorney fees allowed to Plaintiff, is $31,438.59. If the Debtors had made their payments according to the Note, the principal balance on February 5, 1982, would have been $26,112.94, making a default of $5,325.65, not counting future insurance premiums which the Plaintif' will be obliged to pay in order to keep the property insured."

A hearing has been conducted in Harrison, Arkansas, on February 5, 1982, on the issue of confirmation of the debtors' plan of arrangement under chapter 13 of the Bankruptcy Code. It was then determined by the court that the debtors have proposed a satisfactory plan of arrangement in respect to this real property, proposing to bring arrearages current and maintain current payments in such a manner as to "adequately protect" the plaintiff within the meaning of §§ 361(3) and 1325 of the Bankruptcy Code. The issue which was at that time left open for resolution of the court was that raised by this action, that of whether, under the agreed facts quoted above, the real property can be considered as part of the estate.

The crucial material fact in this regard is that, while the state foreclosure judgment had been entered, it had not been enforced by the consummation of the foreclosure sale. In the latter instance, in cases in which the foreclosure sale has actually been consummated, this court has previously held that the real property cannot be regarded as part of the chapter 13 estate. *Matter of Booth*, 18 B.R. 816 (Bkrtcy.E.D.Ark.

1982). But, when the foreclosure sale has not yet been consummated, the automatic stay remains applicable. "[E]ven when a mortgage is deemed to place all of the legal title in the mortgagee, the courts have held that the interests of the debtor warrant the application of the automatic stay in chapter XIII proceedings. *Hallenbeck v. Penn Mutual Life Ins. Co.*, 323 F.2d 566, 573 (4th Cir. 1963). Cf. *In re Townsend*, 348 F.Supp. 1284 (W.D.Mo.1972)." *Matter of Smith*, 2 B.R. 417, 419 (Bkrtcy.W.D.Mo.1979). And, when the automatic stay is in effect at the inception of a chapter 13 case, it may be kept in effect, as in the case at bar, on terms which provide for the curing of arrearages and the maintaining of current payments. *Hallenback v. Penn Mutual Life Ins. Co., supra*; Advisory Committee Notes to Rules 13–401 of the Rules of Bankruptcy Procedure [1]; 15 Collier on Bankruptcy, ¶ 13–401.01, p. 13–401–4 (1978). The same principles are made applicable by the concepts of "adequate protection" in §§ 361–363 of the Bankruptcy Code. See also, *In re Taddeo*, 9 B.R. 299, 4 C.B.C.2d 185 (Bkrtcy.E.D.N.Y.1981), to the effect that it is "implicit that the language of § 1322(b)(5) contains the right of the chapter 13 debtor, at any time prior to the actual sale of the foreclosed property, to attempt cure of the pre-acceleration defaults and reinstate the original mortgage payment schedule." Cf. *In re Soderlund*, 7 B.R. 44, 3 C.B.C.2d 255 (Bkrtcy.S.D.Ohio 1980).

The cases cited and relied upon by the plaintiff, *In re Pearson*, 10 B.R. 189, 4 C.B.C.2d 57 (Bkrtcy.E.D.N.Y.1981); *In re Canady*, 9 B.R. 428, 4 C.B.C.2d 113 (D.Conn. 1981); *In re Lockwood*, 5 B.R. 294, 2 C.B.C.2d 781 (Bkrtcy.S.D.Fla.1980); *In re Coleman*, 5 B.R. 812 (Bkrtcy.W.D.Ky.1980), and *In re Robertson*, 4 B.R. 213 (Bkrtcy.D.Colo. 1980), do not suffice to dispel the fundamental and governing propositions set forth above. A judgment lien, without more,

---

1. It is there said that the bankruptcy court "has the power to stay foreclosure of liens on real property, and . . . such power is properly exercised where the debtor has an equity in the property or it is necessary to his performance under the plan, the creditor's security is not impaired by the stay, and the stay is conditioned upon appropriate provision for curing defaults and maintaining payments on the secured claim."

without transfer of title and possession thereunder prior to bankruptcy proceedings, is subject to avoidance by either the trustee or the debtor under § 522(f)(1) of the Bankruptcy Code. And the valid and perfected security or ownership interest which may underlie the judgment is one which may be the subject of "adequate protection" under §§ 361–363 and 1325 of the Bankruptcy Code. Accordingly, it has been held that, under the concepts of "adequate protection," it is fair and equitable, even in the face of an acceleration clause, to provide for prompt curing of arrearages and maintaining of payments at the contract rate. *In re Taddeo, supra.* For such provisions grant the creditor all which it initially contracted for.

It is therefore

ORDERED AND ADJUDGED that the plaintiff's complaint for relief from the automatic stay or for reclamation be, and it is hereby, denied.