In the Matter of Gerald **GERMER** and Eldora Germer, Debtors.

Gerald **GERMER** and Eldora Germer, Plaintiffs,

v.

**FARMERS STATE BANK OF PLYMOUTH, NEBRASKA,** Defendant.

Bankruptcy No. BK86–1117. Adv. No. A89–4055.

United States Bankruptcy Court, D. Nebraska.

Aug. 18, 1989.

Robert R. Gibson, Professional Legal Associates of Nebraska, P.C., Lincoln, for plaintiffs.

John M. Guthery of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., Lincoln, for defendant.

## MEMORANDUM

JOHN C. MINAHAN, Jr.,
Bankruptcy Judge.

A consolidated trial was held on July 24, 1989 on plaintiffs' adversary proceeding, a Motion to Dissolve (Fil. # 10), filed in the adversary proceeding, and a Motion for Relief (Fil. # 151, BK86–1117), filed in plaintiffs' bankruptcy case.

Plaintiffs, Gerald and Eldora Germer, request the bankruptcy court to enjoin enforcement of a state court ejectment judgment and to declare that the defendant, Farmers State Bank ("Bank") does not have title to their real estate. Plaintiffs state that the defendant Bank sold their real estate after the plaintiffs filed bankruptcy. The Bank asserts that it sold plaintiffs' real estate without knowledge of plaintiffs' bankruptcy petition, but that the circumstances justify an order from the bankruptcy court annulling the automatic stay under 11 U.S.C. § 362(d). The court concludes that judgment should be entered in favor of Farmers State Bank.

## FACTS

Parties have filed a stipulation of facts. Plaintiffs filed Chapter 11 bankruptcy on April 21, 1986. The following day, the defendant Bank, as trustee under a trust deed, sold plaintiffs' real property. The Bank was the trustee and beneficiary under the trust deed, and the Bank was the purchaser of plaintiffs' property at the sale.

The sale of plaintiffs' real estate was conducted in the courthouse of Jefferson County, Nebraska. The plaintiffs were present at the time and place of the sale. However, plaintiffs did not inform the Bank that their bankruptcy case had been filed, and the Bank was unaware, at the time of sale, that plaintiffs had filed bankruptcy.·

Within approximately thirty (30) days of plaintiffs' bankruptcy petition, the Bank filed a motion for relief from the automatic stay. The Bank sought relief to evict plaintiffs from the real estate and to foreclose its interest in plaintiffs' equipment. In defense of this motion, plaintiffs asserted that the Bank violated the automatic stay in selling the real estate. The bankruptcy court, Judge Mahoney presiding, heard the Bank's motion on June 25, 1986, and sustained the motion on June 30, 1986. Specifically, the bankruptcy court held that "[t]he real and personal property are worth less than the debt.... The debtors have no equity in the collateral. There is no evidence that the collateral is necessary for a reorganization. The deed of trust sale is not relevant to this hearing on motion for relief."

Plaintiffs appealed from the order granting the Bank relief from the stay, to the United States District Court for the District of Nebraska. Plaintiffs' designation of record on appeal included the Bank's motion, exhibits offered by the Bank at the hearing, and the order granting relief. The Bank supplemented the record on appeal with the transcript of the hearing. The appeal was subsequently dismissed by a joint stipulation of the parties.

On September 8, 1986, the Bank initiated an ejectment action in state court to remove plaintiffs from the real estate. In their amended answer, the plaintiffs argued that the deed of trust executed to the Bank was void because the sale was conducted in violation of the automatic stay after a bankruptcy case had been commenced by plaintiffs, as debtors. Plaintiffs and the Bank then entered into a written stipulation which was filed as part of the record in the state court eviction proceeding. Plaintiffs stipulated to "waive any claim or defense in this case that the trustee's sale of the real estate ... was in violation of [the automatic stay]." The words "in this case" were handwritten and inserted into the text of the stipulation. A judgment for ejectment was entered in favor of the Bank. This judgment was affirmed by the Nebraska Supreme Court on March 24, 1989, and plaintiffs' motion for rehearing was denied on June 22, 1989.

In lieu of posting a bond pending the appeal of the ejectment judgment to the Nebraska Supreme Court, the parties agreed to escrow funds. The written escrow agreement provided that the funds in the escrow accounts would be paid to the prevailing party in the ejectment action. The amount of funds currently held in escrow is approximately $34,889.12.

Plaintiffs filed the instant adversary proceeding on June 25, 1986, within three days of the Nebraska Supreme Court's final order. In this proceeding, plaintiffs seek a declaration that the sale of their real estate is void, and an order permanently enjoining the Bank from enforcing the state court ejectment judgment.

On June 30, 1989, the bankruptcy court entered an order restraining the Bank from enforcing the ejectment judgment until a judgment is entered in this adversary proceeding. In response, the Bank filed a motion to dissolve the restraining order, and a motion for relief from the automatic stay of § 362.

## DISCUSSION

This case involves the following issues:

1. Is an act in violation of the automatic stay void or voidable? If voidable, is it appropriate to void the Bank's title to plaintiffs' property on the facts of this case?

2. Do the doctrines of *res judicata* or collateral estoppel bar plaintiff from challenging the state court eviction judgment in this adversary proceeding on the grounds that the sale of the real estate was void due to the violation of the automatic stay?

3. Does the stipulation filed in the state court eviction proceeding preclude plaintiffs from challenging the state court eviction judgment in this adversary proceeding on the grounds that the sale of the real estate was void due to violation of the automatic stay?

Assuming *arguendo* that plaintiffs are not barred from litigating the issues presented, the first issue on the merits of plaintiffs' claim is whether an act in violation of the stay is void or voidable. If the Bank's act in selling plaintiffs' real estate in violation of the stay is void, then title to the real estate remained in plaintiffs. Further, if title remained with the plaintiffs rather than the Bank, it is argued by plaintiffs that the state court eviction judgment is not enforceable because the judgment was premised on void title. The Bank's right to possession of the property in the eviction action was based on the Bank having title to the property.

There is a superficial split of authority as to whether an act in violation of the stay is void or voidable. Some courts hold that an act in violation of the stay is voidable. *See In re Brooks,* 79 B.R. 479 (9th Cir.B.A.P. 1987); *In re Clark,* 79 B.R. 723 (Bkrtcy.

S.D. Ohio 1987); *In re Oliver,* 38 B.R. 245 (Bkrtcy.D.Minn.1984). Other courts hold that an act which violates the stay is void. *See In re Sambo's Restaurants, Inc.,* 754 F.2d 811 (9th Cir.1985); *In re Albany Partners Ltd.,* 749 F.2d 670 (11th Cir.1984); *In re Krueger,* 88 B.R. 238 (9th Cir.B.A.P. 1988). However, the differences in these lines of decisions are largely semantic. In substance, those courts following the rule that an act in violation of the stay is void expressly state that the rule is a "general rule," and many of these courts treat an act as voidable for numerous reasons. *See e.g., In re Sambo's Restaurants, Inc.,* 754 F.2d at 816–17; *In re Albany Partners, Ltd.,* 749 F.2d at 675.

■ I conclude that the sale of property in violation of the stay is voidable. I reach this conclusion as a matter of statutory construction. Under 11 U.S.C. § 549(c), a good faith purchaser who purchases real property after the commencement of a bankruptcy case without notice of the bankruptcy filing acquires valid title. Further, under 11 U.S.C. § 542(c), a transfer of property of the estate after the commencement of a bankruptcy case by a transferor who does not have knowledge of the pending bankruptcy has the same effect as if the bankruptcy had not been filed. This statutory scheme permits a transfer in violation of the stay to vest valid title in certain transferees. This result is inconsistent with the notion that an act in violation of the stay is void. Since valid title passes to transferees under these sections, it follows that the act taken in violation of the stay is voidable rather than void. *See In re Brooks,* 79 B.R. at 480; *In re Clark,* 79 B.R. at 725; *In re Oliver,* 38 B.R. at 248. This analysis is consistent with common law rules concerning distinctions between void and voidable title. See U.C.C. § 2–403 and official comments thereto. When Congress intends an act in violation of a stay under the Bankruptcy Code to be void, it has no difficulty in explicitly so providing, as it has done under 11 U.S.C. § 524(a) which voids judgments on discharged debts.

■ Having concluded that the sale of plaintiffs' real estate by the Bank is voidable, the question remains whether the Bank's title to the property should be declared void. I conclude that the Bank's title should not be declared void. First, the issues relating to the sale of plaintiffs' property could have been litigated, and may have actually been litigated, at the June 25, 1986 hearing on the Bank's motion for relief. Plaintiffs are therefore foreclosed from reasserting or litigating matters relating to the Bank's violation of the stay in the instant proceeding and should not be permitted to void the Bank's title in this action based on this violation.

Second, the Bank's title should not be declared void because the Bank was entitled to relief from the stay at the time this case was commenced. It would not be sensible to now set aside the sale and the results of intervening litigation. In the bankruptcy court's June 30, 1986 order, the court determined that plaintiffs had no equity in their property and the property was not necessary to a reorganization. This holding occurred only two months after the sale of plaintiffs' property. The Bank's title should not be void because the Bank will receive no more in this proceeding than what it was entitled to at the outset of the bankruptcy case.

■ Although the court has concluded that the Bank's sale in violation of the stay is voidable, the conclusion that the Bank should be permitted to retain title to the real estate is supported even assuming that the sale was void. The Bank has requested that the automatic stay be annulled, and I conclude that sufficient cause exists to annul the stay with respect to the Bank. First, the Bank has been entitled to relief since the commencement of plaintiffs' bankruptcy case. Second, leaving the stay in effect on the facts of this case arguably invalidates the state court proceedings which have occurred since the sale of plaintiffs' real estate. Further, these state court proceedings have caused great expense to the parties. Therefore, I conclude that the automatic stay should be annulled with respect to the sale of plaintiffs' real

estate by the Bank, and that such annulment should be retroactive to the date on which the Bank sold plaintiffs' real estate. The state court eviction judgment is valid and enforceable against plaintiffs by virtue of this annulment of the stay.

■ The second issue to be addressed is whether plaintiffs are in fact precluded from relitigating matters relating to the sale of their property and the state court eviction judgment in this adversary proceeding. I conclude that the doctrines of *res judicata* and collateral estoppel preclude plaintiffs from relitigating these matters.

The doctrine of *res judicata* bars the assertion of matters which were or with reasonable diligence could have been litigated in a previous action. The doctrine of collateral estoppel bars reassertion of matters at issue in a prior action on which a finding or judgment has been rendered. At the June 25, 1986 hearing on the Bank's motion for relief, plaintiffs affirmatively raised the argument that the sale of their property was in violation of the stay and should be considered void. Thus, these matters were raised and litigated on their merits between the same parties at a time when they had the same economic and financial interest as they have today. The bankruptcy judge ruled and these matters were then raised on appeal to the district court. The appeal was then voluntarily dismissed by plaintiff. As the matters relating to the sale of plaintiffs' real estate were properly raised and ruled on in a prior hearing, they cannot be reasserted in this adversary proceeding. *See Oulman v. Rolling Green*, 851 F.2d 1032 (8th Cir. 1988). Plaintiff sought to prevent defendant from obtaining relief from stay to commence eviction proceedings on the grounds that plaintiff had no title under a sale conducted in violation of the stay. Plaintiff may not now return to bankruptcy court and collaterally attack the state court eviction judgment on the grounds that the sale violated the stay. The principal of finality requires plaintiffs to have pursued their appeal.

■ The third issue to be addressed is whether the stipulation between plaintiffs and the Bank in state court precludes plaintiffs from reasserting matters relating to the sale of their property and the state court eviction judgment in this adversary proceeding. I conclude that the stipulation precludes plaintiffs from reasserting these matters in this proceeding. In the stipulation, plaintiffs waived litigation in the state court eviction proceeding, of issues relating to the sale of their property. By implication, this agreement precludes plaintiffs from collaterally attacking the state court eviction judgment. By waiving litigation of these issues in the eviction proceeding, the plaintiffs are precluded from collaterally attacking the eviction judgment entered in that proceeding based on the grounds waived.

The final issue to be addressed is whether the Bank is entitled to the funds in the escrow accounts. According to paragraph 7(B) of the escrow agreement between the parties, if "judgment is entered for ejectment of the Germers on the Bank's petition in [state court], then the money held in escrow shall be paid over to the Bank." As the state court proceedings in this matter have resulted in a judgment of ejectment of the Germers, I conclude that the Bank is entitled to the funds held in escrow.

Based on the reasons set forth, I conclude that judgment on plaintiffs' adversary complaint should be entered in favor of the Bank, that the Bank's motion to dissolve filed in this adversary proceeding should be granted, and that the Bank's motion for relief filed in plaintiffs' bankruptcy case should be granted.

A separate order will be entered consistent herewith.