TIM WARGO & SONS, INC. *v.* The EQUITABLE LIFE
ASSURANCE SOCIETY OF THE UNITED STATES

CA 90-300                                809 S.W.2d 375

Court of Appeals of Arkansas
Division I
Opinion delivered May 9, 1991

*Arens & Alexander*, by: *Terry A. Zelinski* and *Carl W. Behner*, for appellant.

*Hickam, Williams & Farnell, P.A.*, by: *Renee S. Williams*; and *Griffin, Rainwater & Draper, P.A.*, by: *Billy J. Hubbell*, for appellee.

JUDITH ROGERS, Judge. Tim Wargo and Sons, Inc., appellant, appeals from a decision denying its motion to set aside an order confirming a sale in foreclosure. On appeal, appellant advances two issues in which it contends that the confirmation of the sale was void, arguing that the chancery court was divested of jurisdiction upon the filing of its petition in bankruptcy and that the action of the court was in violation of the automatic stay provisions of the bankruptcy code. We affirm.

The history of this case needs to be set out for a full understanding of the questions presented on appeal. On April 11, 1986, appellee, The Equitable Life Assurance Society of the United States, filed a complaint in foreclosure in the Chancery Court of Desha County pursuant to a deed of trust it held on farmland owned by appellant. The following September, the chancellor entered a decree of foreclosure and on November 24, 1986, a sale of the property was held wherein Mankin Farms, Inc. was the purchaser as the highest bidder. Thereafter, on Decem-

ber 22, 1986, appellant filed a petition in bankruptcy under Chapter 12 of the bankruptcy code. No further action was taken in the chancery court. Appellant's bankruptcy petition was dismissed in June of 1987; however, appellant appealed the dismissal and a stay pending appeal was placed in effect. This stay was later dissolved on August 30, 1988, and on that date the appellee filed in the chancery court a report of sale relating to the November 24, 1986, foreclosure sale. On the afternoon of August 31, 1988, the chancellor entered an order confirming the sale and a commissioner's deed to Mankin Farms was issued.

It is undisputed that, unbeknownst to the chancellor, appellee and Mankin Farms, appellant had earlier that morning filed yet another petition in bankruptcy, this time under Chapter 11. It was not until September 9, 1988, that appellant filed notice in the chancery court of the latest bankruptcy proceeding. Appellant's bankruptcy action was dismissed with prejudice by order of the bankruptcy court on October 16, 1989, in which the court expressed the reason for the dismissal as being appellant's "continuing pattern of delay, abuse of the bankruptcy system, inattention and negligence." *In re Tim Wargo & Sons, Inc.*, 107 B.R. 622, 625 (Bkrtcy. E.D. Ark. 1989). On December 1, 1989, appellee filed a motion to distribute the purchase money funds of the foreclosure sale which had been held in escrow since the time of the sale. Two weeks later, appellant responded with a motion objecting to the distribution of the funds and seeking to set aside the order confirming the sale of August 31, 1988. After a hearing, the chancellor refused to grant appellant's motion as reflected by his order on March 9, 1990. It is from this order that appellant brings this appeal.

As it did below, on appeal appellant maintains that the chancellor's act of confirming the foreclosure sale was void because the court was without jurisdiction due to the filing of bankruptcy proceedings, and furthermore that the confirmation of the sale violated the automatic stay. Appellant bases its argument on the principle that a sale in foreclosure is not complete until confirmation, citing *Fleming* v. *Southland Life Insurance Co.*, 263 Ark. 272, 564 S.W.2d 216 (1978). Although it is not expressly stated, based on this principle appellant assumes, or is implying, that it retained an interest in the property

after the sale in foreclosure subject to protection in bankruptcy.[1] As the foundation for appellant's argument on appeal, we regard the question of whether or not appellant had an interest in the property as being a threshold issue. For if appellant retained no interest in the property after the sale, then the bankruptcy action would have had no effect on the chancellor's confirmation of the sale.

■■ The identifiable interests appellant may have had in the property are the statutory and equitable rights of redemption. The statutory right of redemption is found at Ark. Code Ann. § 18-49-106 (1987), which allows for redemption within one year from the date of the sale and is exercised by the payment of the purchase price for which the property was sold together with interest. The statute also provides that this right of redemption may be waived in the mortgage instrument or deed of trust. The equity of redemption is generally extinguished by the decree and sale; however, a court in its decree may, and usually does, allow a reasonable time for the mortgagor to pay the amount adjudged against him and redeem the property. *See Martin* v. *Ward*, 60 Ark. 510, 30 S.W.1041 (1895). Thus, it has been held that the time for exercising the equitable right of redemption is left to the sound discretion of the chancellor, *Bentley* v. *Parker*, 257 Ark. 749, 525 S.W.2d 460 (1975), and the limitation contained in the decree of foreclosure is determinative when assessing the time allowed for redemption. *See Fleming* v. *Southland Insurance Co.*, *supra*. In *Fleming*, the supreme court, recognizing that a sale is not final until confirmation, noted that a chancellor may in his discretion permit redemption beyond the time stated in the decree, such as when confirmation is refused on grounds of fraud or some defect in the sale. The court expressed, however, that there is no absolute right to redeem at any time prior to confirmation.

■ We have had difficulty in evaluating this aspect of the case because the actual record on appeal includes neither the deed of trust nor the foreclosure decree. Thus, we do not know whether

---

[1] With certain exceptions not applicable here, the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." *In re Wingo*, 89 B.R. 54 (Bkrtcy. 9th Cir. 1988); 11 U.S.C. § 541(a)(1).

appellant waived the statutory right of redemption in the deed of trust, and there is no evidence in the record that a tender was made of the purchase price for the preservation of this right.[2] And, without the decree, we have no way of determining whether appellant retained the equitable right of redemption. While it is the appellant's duty to bring up a record demonstrating error, *Smith* v. *Smith*, 32 Ark. App. 175, 798 S.W.2d 443 (1990), we are unwilling to affirm on this basis alone. This precise issue has neither been raised nor argued, and it appears that the parties have proceeded on the assumption that an interest was retained without specifically addressing the issue; therefore, an affirmance for the lack of a complete record would be unduly harsh under the circumstances.

Even assuming that appellant retained an interest in the property, we find no merit in its argument that the trial court erred in failing to set aside the order confirming the sale. As stated earlier, it is the appellant's contention that the confirmation was void *ab initio* based on the theory that the filing of its petition in the bankruptcy court deprived the chancery court of jurisdiction over property included in the bankrupt estate. In support of its position, appellant places reliance on the Supreme Court's decision in *Kalb* v. *Feuerstein*, 308 U.S. 433 (1940). There it was held that under § 75 of the then existing Frazier-Lemke Bankruptcy Act, 11 U.S.C. 203, the bankruptcy court is vested with exclusive jurisdiction over the debtor and his property upon the filing of a petition, and thus declared that foreclosure proceedings taken in a state court afterwards were "beyond its power, void, and thus subject to collateral attack." *Id.* at 438.

■ Under current law, however, authorities appear to be split as to whether an action taken in violation of the automatic stay is void or voidable. *In re Bresler*, 119 B.R. 400 (Bkrtcy. E.D. N.Y. 1990). The courts finding violations of the stay to be void rely on the decision in *Kalb*.[3] *In re Lampkin*, 116 B.R. 450

---

[2] Interpreting Arkansas law, the bankruptcy court in *Booth* v. *First Federal Savings & Loan Association*, 18 B.R. 816 (Bkrtcy. E.D. Ark. 1982), determined that the debtor had no interest in foreclosed property to be included in the bankruptcy estate under the statutory right of redemption when there had been no offer to pay the purchase price. *See also In re Mueller*, 18 B.R. 851 (Bkrtcy. W.D. Ark. 1982).

[3] While at least one court has specifically noted that the reasoning in *Kalb* retains

(Bkrtcy. D. Md. 1990). On the other hand, many courts that have specifically addressed the void/voidable distinction have determined that post-petition transfers in violation of the automatic stay are not void, but are merely voidable. *In re Schwartz*, 119 B.R. 207 (Bkrtcy. 9th Cir. 1990). This distinction is significant in that voidable acts, albeit invalid, are capable of being cured, while void acts have no force and effect and cannot be cured or ratified. *Id.* at 209.

Courts adhering to the view that acts in violation of the stay are voidable, base this holding primarily upon statutory construction. 11 U.S.C. § 549(a)(1) provides in part that the trustee in bankruptcy "*may* avoid a transfer of property of the estate that occurs after the commencement of the case." (Emphasis supplied). In the Ninth Circuit decision of *In re Brooks*, 79 B.R. 479 (Bkrtcy. 9th Cir. 1987), the court, emphasizing the permissive language used, held that the discretionary nature of the trustee's avoidance powers under this section suggests that post-petition transfers in violation of the stay are not absolutely void, but rather voidable. In reaching this conclusion, the court also observed that the bankruptcy court's powers under 11 U.S.C. § 362(d) to grant relief from the stay by "terminating, annulling, modifying or conditioning such stay," were also inconsistent with the notion that violations of the stay are void, and showed a Congressional intention to the contrary. Stated another way, a bankruptcy court's authority under § 362(d) to retroactively validate transfers in violation of the stay is incompatible with the concept that such acts are void. *See e.g. In re Bresler*, 119 B.R. 400 (Bkrtcy. E.D. N.Y. 1990) (relying on *Sikes* v. *Global Marine, Inc.*, 881 F.2d 176 (5th Cir. 1989).

In the case of *In re Germer*, 107 B.R. 217 (Bkrtcy. D. Neb. 1989), the court reached the same conclusion based on its interpretation of sections 542(c) and 549(c) of the bankruptcy code. Under 11 U.S.C. § 542(c), a transfer of property of the estate after the commencement of the bankruptcy case by a

---

vigor, *In re Lampkin*, 116 B.R. 450 (Bkrtcy. D. Md. 1990), another has pointed out that its precedential effect is eroded by the fact that it was decided at a time when bankruptcy referees did not have the power to annul the automatic stay. *In re Schwartz*, 119 B.R. 207 (Bkrtcy. 9th Cir. 1990).

transferor who does not have knowledge of the pending bankruptcy has the same effect as if the bankruptcy had not been filed. *Id.* Pursuant to 11 U.S.C. § 549(c)[4], a good faith purchaser who purchases real property after the commencement of the bankruptcy case without notice of the bankruptcy filing acquires good title. The court found that, since this statutory scheme permits transfers in violation of the stay to vest valid title in certain transferees, it followed that such acts taken in violation of the stay were voidable rather than void. The court further reasoned that had Congress intended an act in violation of the stay to be void, it could have expressly provided for such a result as it had done in 11 U.S.C. § 524(a), which voids judgments on discharged debts.

Even those courts which ascribe to the rule that acts in violation of the stay are void recognize that the rule is not without exception. It has been said that those courts following the rule that an act in violation of the stay is void expressly state that the rule is a "general rule," and many of these courts treat an act as voidable for numerous reasons. *In re Germer, supra.* For example, in the decision of *In re Wingo*, 89 B.R. 54 (Bkrtcy. 9th Cir. 1988), the court determined that § 549(c) was a limitation on the general rule, given that under this section the trustee in bankruptcy cannot avoid transfers of real property to *bona fide* purchasers for value who were without notice of the filing of bankruptcy.

██ In denying appellant's motion, the chancellor here based his ruling on § 549(c), finding that Mankin Farms was a good faith purchaser for value without knowledge of the bankruptcy proceeding. The application of this section hinges on whether the transferee had knowledge, either constructive or actual, of the filing of a petition. *See In re Wingo, supra.* In the instant case, the foreclosure sale took place before the filing of a petition, and it is not disputed that Mankin Farms, as well as the chancellor and appellee, was unaware of the filing of the second bankruptcy petition when the sale was confirmed. Moreover,

---

[4] 11 U.S.C. § 549(c) provides in pertinent part that "The trustee may not avoid . . .a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such property may be recorded."

notice of the filing was not lodged in the chancery court until after confirmation. Based on the record before us, we cannot say that this finding by the chancellor is clearly against the preponderance of the evidence. Ark. R. Civ. P. 52(a). Assuming that appellant retained an interest in the property, we agree with appellant that the confirmation of the sale was a violation of the automatic stay; however, we reject the contention raised in its first issue and hold that the chancellor's act of confirming the sale was voidable. Therefore, we affirm the decision of the chancellor denying appellant's motion to set aside the order confirming the foreclosure sale.

■ Since we have concluded that the transfer at issue was voidable, we point out an additional reason for affirmance. Under 11 U.S.C. § 349(b)(1), the dismissal of a case reinstates those transfers avoided during the bankruptcy action. The court in *In re Linton*, 35 B.R. 695 (Bkrtcy. D. Idaho 1983), found that improper transfers not affirmatively avoided during bankruptcy should be treated in the same manner as those actually avoided. According to this view, the dismissal of the appellant's bankruptcy action would have the effect of reinstating this transfer, which we must assume was not avoided during the bankruptcy proceeding.[5]

■ On cross-appeal, appellee has presented a question with regard to its claim of entitlement to the interest earned on the purchase money funds held in escrow. Since appellee filed no notice of cross-appeal, we do not address this issue. *Broadhead* v. *McEntire*, 19 Ark. App. 259, 720 S.W.2d 313 (1986).

Affirmed.

COOPER and MAYFIELD, JJ., agree.

---

[5] We are not unmindful that principles of *res judicata* and collateral estoppel might have been asserted as a bar to the litigation of this issue in the chancery court. *See In re Germer, supra.* This point has not been argued.