**In re August REICHENBACH.**

**August REICHENBACH, Plaintiff,**

**v.**

**Maxie G. KIZER, as guardian for the Estate of Fred W. Reichenbach; Scott Meins and Dean Meins, a partnership; and The Farmers and Merchants Bank, Defendants.**

Bankruptcy No. 93–50406S.
Adv. No. 93–5022.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Dec. 5, 1994.

Marquis Jones, Little Rock, AR, for August Reichenbach.

David Gunti, Pine Bluff, AR, for Maxie G. Kizer.

David Henry, Stuttgart, AR, for Scott and Dean Meins and Farmers and Merchants Bank.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a Motion for Summary Judgment, filed on August 26, 1994, by the defendants. Previously, upon a *sua sponte* review of the file, the Court directed the parties to brief the issue of whether this adversary proceeding was barred by either the doctrine of collateral estoppel or *res judicata*. Both parties have filed briefs regarding these issues and the

defendants filed a motion for summary judgment, pursuant to Rule 56, Federal Rules of Civil Procedure.

■ Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2555.

■ After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

■ Accordingly, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Richmond v. Board of Regents of the University of Minnesota,* 957 F.2d 595, 597 (8th Cir.1992). Of course, the Court is not to weigh the evidence and determine the truth of the matter, but rather, must determine whether there is a genuine issue for trial. The evidence of the non-moving party is to be believed. All justifiable inferences must be drawn in favor of the non-movant.

The following facts are uncontroverted. The defendant Maxie G. Kizer ("Kizer") was appointed guardian of the person and of the estate of Fred W. Reichenbach on December 2, 1987, by the Probate Court of Arkansas County, Arkansas. Fred Reichenbach is the debtor's father. The guardianship estate consisted of approximately 270 acres of real property titled in Fred Reichenbach's name, located in Arkansas County.

On September 18, 1992, Kizer petitioned the probate court for permission to sell Fred Reichenbach's real property.[1] The sale was approved after hearing held on October 26, 1992, and an order entered on November 16, 1992. After various interim proceedings and unsuccessful attempts to sell the property, the property was sold to the defendants Scott Meins and Dean Meins ("Meins"), by warranty deed dated August 19, 1993. The court confirmed the sale on September 27, 1993. Although he never objected to the sale, the debtor, on October 26, 1993, filed a notice of appeal of the state court order confirming the sale, asserting an ownership interest in the real property.

The debtor first filed a Chapter 13 petition-in-bankruptcy on April 1, 1993. *In re Reichenbach,* No. 93–50125S (filed Bankr. E.D.Ark. April 2, 1993). That case was dismissed by Order entered on September 3, 1993. On October 26, 1993, the debtor filed his second Chapter 13 petition in bankruptcy, Case No. 93–50406S.[2] The schedules were

---

1. The state court records reflect that sale of the property was necessary to maintain debtor's infirm father in a nursing home. Indeed, at the time of the application, there was approximately $9,000 debt owed to the nursing home for past care and it was apparently anticipated that debtor's father would require further care. The guardian wrote to the children asking that they assist in supporting their father, but he received no response to his plea.

2. Thus, debtor has resided in a Chapter 13 bankruptcy for over eighteen months without obtaining confirmation of a plan. Seven different

not filed until November 17, 1993, and have been amended three times, once at the express direction of the Court. Indeed, it was not until the Court expressly directed the debtor to file amendments that the debtor scheduled the defendants in this case, although the debtor asserted an interest in the real property. On November 17, 1993, the debtor filed the instant adversary proceeding asserting an ownership interest in the real property based upon an alleged contract with his father dated March 8, 1978.

The defendants assert that Arkansas statutes, the doctrines of *res judicata,* collateral estoppel, and estoppel *en pais* preclude debtor from asserting any interest in the subject real property. The debtor asserts that the order confirming the sale was made in violation of the automatic stay, that order is void. Accordingly, argues debtor, there is no valid final order and no valid sale such that he may assert his interest in the property. The parties indicate that the Court must determine the legal issue whether there is a valid final order to which the doctrines of either *res judicata* or collateral estoppel apply. If there is a valid final order, the Court must determine whether the doctrines in fact apply and whether there is any material fact for trial which would prevent the application of the preclusive doctrines.

■ First, the debtor is in error that an automatic stay was in existence on September 27, 1993, when the state court entered its final orders confirming and approving the sale of real property. The Chapter 13 bankruptcy case, No. 93–50125S, had been dismissed by an Order entered on September 3, 1993. Thus, the automatic stay ceased on that date. 11 U.S.C. § 362(c)(2)(B). The second Chapter 13 case, No. 93–50406S was not filed until October 26, 1993, one month after the probate court confirmed the sale. Thus, there was no automatic stay in existence on September 27, 1993, when the probate court confirmed the sale of property. Accordingly, the final orders entered by Probate Court of Arkansas County are valid.

■ Even if the automatic stay in bankruptcy existed at the time the state court orders were entered, the uncontroverted facts indicate that they are valid orders. Debtor asserts that a stay was in existence such that the question for this Court is whether the state court orders are invalid and thus, have no preclusive effect in this Court. The courts are divided on whether an act in violation of the stay is void or merely voidable. Even those cases which hold that an act done in violation of the stay is "void" apply exceptions, rendering usage of the term "void" contradictory within those opinions. *See generally Easley v. Pettibone Michigan Corp.,* 990 F.2d 905, 909, 910 (6th Cir.1993) (defining and distinguishing "void," "voidable," and "invalid," and describing the fallacies in the case law). This Court believes the better reasoned cases are those which describe acts in violation of the automatic stay as "voidable," or, more properly, as in *Easley,* "invalid." These include *Sikes v. Global Marine, Inc.,* 881 F.2d 176 (5th Cir.1989); *In re Oliver,* 38 B.R. 245 (Bankr. D.Minn.1984).

■ In *Easley,* the court discussed the definitional problem and held that the better language to describe an act in violation of the stay as "invalid" since such an act is capable of being cured or ratified pursuant to 11 U.S.C. § 362(d). The terminology is also important for purposes apportioning the burdens in determining whether retroactive relief from the stay is merited. The term voidable implies that the act taken in violation of the stay is valid unless some party, presumably the debtor, takes some action to void it. The stay exists from the moment of filing and is enforceable until such time as the stay is lifted. Thus, it should not be the debtor's burden to void an act taken in violation of the stay. *See generally Easley v. Pettibone Michigan Corp.,* 990 F.2d 905. Use of the term invalid, however, properly places the burden of rectifying an act in violation of the stay upon the creditor.

■ Even were acts in violation of the stay properly described as "void," there are

plans have been filed in this second chapter 13 case. An objection to confirmation of the sev-

enth plan is pending.

clear, although limited, exceptions to the rule. For example, where the "debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result," the protections of section 362(a) are unavailable to the debtor. *Easley*, at 911. *Accord In re Calder*, 907 F.2d 953, 956 (10th Cir.1990) ("[C]ourts will apply equitable considerations at least where the creditor was without actual knowledge of a bankruptcy petition and the bankrupt's unreasonable behavior contributed to the creditor's plight."); *Matthews v. Rosene (In re Matthews )*, 739 F.2d 249 (7th Cir.1984) (laches barred attempt to void judgment as violative of the stay); *In re Smith Corset Shops, Inc.*, 696 F.2d 971, 976–77 (1st Cir.1982) (debtor remained "stealthily silent" while creditor obtained default judgment); *Tim Wargo & Sons, Inc. v. Equitable Life Assurance Society*, 34 Ark.App. 216, 809 S.W.2d 375 (Ark.Ct. App.1991).

▮▮▮ Acts in violation of the stay are invalid until such time as relief from stay is granted. Accordingly, the debtor argues, the state court order was invalid. However, this Court does have the power and authority to retroactively validate those orders assertedly entered in violation of the stay. *Schwartz v. United States (In re Schwartz)*, 954 F.2d 569 (9th Cir.1992); *Easley*, 990 F.2d 905; *In re Siciliano*, 167 B.R. 999 (Bankr.E.D.Pa.1994). The question is whether that can be validated within the context of this adversary proceeding, rather than requiring the creditor to file a separate motion for relief from stay. Clearly, since the burden is upon the creditor, the better course is for a creditor to immediately, upon learning of the bankruptcy case, to file a motion to retroactively lift the stay in order to have its violative acts validated. In the instant case, the question of voidness is before the Court due to the filing of the creditors defendants' motion for summary judgment. Further, under the

particular circumstances of this case, where the debtor raises the voidness of the act as a shield despite his failure to provide notice of the bankruptcy to the creditor, the Court may decide it in this adversary proceeding. *Compare Formisano v. National Community Bank (In re Formisano)*, 148 B.R. 217 (Bankr.D.N.J.1992) (court annulled stay *sua sponte* within context of debtor's adversary proceeding to determine validity, priority and extent of liens); *In re Calder*, 907 F.2d 953 (10th Cir.1990) (state court judgment validated in context of objection to proof of claim); *Mutual Benefit Life Ins. Co. v. Pinetree, Ltd. (In re Pinetree, Ltd.)*, 876 F.2d 34 (5th Cir. 1989) (bankruptcy court should have annulled stay within adversary proceeding to quiet title).

The facts relevant to the determination of whether the state court order should be validated are undisputed. The defendant Kizer petitioned the probate court for permission to sell the property on September 18, 1992; a sale was initially approved on November 16, 1992, after a hearing held on October 26, 1992. Although that particular sale was never consummated, other sales were noticed and, ultimately, the property sold to the Meins, and that sale confirmed in September 1993, after the debtor's first bankruptcy case had been dismissed. Throughout these state court proceedings, the debtor was provided notice of the events. Indeed, he personally and/or his attorney appeared during at least one hearing. As evidenced by the undisputed affidavits, during all of this time, debtor filed no objections to the sale, never asserted an ownership interest, and, importantly, never advised any party to the state court proceedings, or that court, that he was a debtor in bankruptcy.[3] *Compare Calder*, 907 F.2d 953 (10th Cir.1990) (debtor litigated case and did not disclose bankruptcy until unfavorable result). Indeed the debtor failed to schedule the parties as creditors and, even upon becoming aware that they were unaware of the bankruptcy, failed to amend his schedules until the Court expressly directed him to do

---

**3.** The failure to notify the state court of the bankruptcy proceedings would be a violation of

Local Rule 4, Local Rules of the United States

so.[4] Based upon these uncontroverted facts, it is clear that the debtor acted unreasonably and withheld notice of his bankruptcy case from the defendants.

Moreover, it is undisputed that the creditors would be prejudiced were the debtor's assertion of the stay to remain as a defense. Two of the defendants are third-party purchasers of the property who consummated a land-sale transaction without knowledge of debtor's asserted interest. The guardian, attempting to protect the well-being of debtor's infirm father, worked for over a year to sell the property, and, finally, obtained a sale as well as confirmation of the sale, all without objection by debtor. Despite the lengthy pendency of the state court proceedings and the existence of the bankruptcy, the debtor never advised any party to the state court proceedings, until October 1993, that he asserted an interest in the property.

Based upon these uncontroverted facts, the Court finds that, as a matter of law, the state court order confirming the sale should be validated despite any assertion that the order was entered in violation of the stay. Accordingly, there is a valid final judgment with respect to which the doctrines of *res judicata* and/or collateral estoppel may be analyzed. *See Pinetree*, at 37 ("Thus, where a creditor having no knowledge of a pending bankruptcy forecloses in good faith on the collateral, and where the debtor's interest in that collateral is unenforceable against that creditor, and where the debtor, although notified in advance of the foreclosure, failed to assert its status before the foreclosure, we conclude that the automatic stay should have been annulled with respect to the post-bankruptcy foreclosure."); *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984).

■ In the instant case, the state court orders being valid, the doctrine of collateral estoppel applies to preclude debtor from asserting an interest in the subject real property. The doctrine of collateral estoppel applies where (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was "actually litigated" in the prior action;[5] (3) the issue was determined by a valid and final judgment; and (4) the determination was essential to the prior judgment. *Johnson v. Miera (In re Miera)*, 926 F.2d 741 (8th Cir.1991).

■ As stated above, the state court orders in question are valid and final.[6] Moreover, the proceedings in the state court involved the sale of the property and, therefore, necessarily involved determination of title to that property. The fact that the debtor chose not to appear at the hearing does not, in any manner, preclude the collateral estoppel effect of this state court determination. Since the state court judgment is

---

Bankruptcy Judges for the Eastern and Western Districts of Arkansas.

**4.** This is important because the bankruptcy clerk and trustees rely upon the debtor's list of creditors for mailing of notices. Until such time as official amendments are made to the schedules, the clerk and trustees use the listing in the original schedules for mailing notices. Thus, in this case, the unscheduled defendants, received no notice of the bankruptcy filing or any subsequent proceedings to which they were entitled to notice.

**5.** "Actually litigated" means that the particular fact or matter was in issue and determined, *Brooks v. Arkansas–Louisiana Pipe Line Co.*, 77 F.2d 965 (8th Cir.1935); *Pulaski County v. Hill*, 97 Ark. 450, 134 S.W. 973 (1911); *Arkansas Dept. of Human Services v. Dearman*, 40 Ark.App. 63, 842 S.W.2d 449 (1992). The term does not mean that the debtor must have been necessarily present at the state court proceedings and conducting a defense on his behalf, in the sense of filing pleadings and/or appearing in Court. *See, e.g., Hall v. Mady (In re Mady)*, 159 B.R. 487 (Bankr.N.D.Ohio 1993); *Nourbakhsh v. Gayden (In re Nourbakhsh)*, 162 B.R. 841 (9th Cir. BAP 1994) (Russell, J., dissenting). Rather, "actually" indicates that the matter was directly placed in issue, as distinguished from the *res judicata* requirement that a particular matter *might* have been litigated in the previous action. *Lovell v. Mixon*, 719 F.2d 1373 (8th Cir.1983); *Sides v. Haynes*, 181 F.Supp. 889, 894–95 (W.D.Ark. 1960). *See generally, Rally Hill Productions, Inc. v. Bursack (In re Bursack)*, 163 B.R. 302, 306 (Bankr.M.D.Tenn.1994) (cogent discussion of "actually litigated").

**6.** The fact that debtor has appealed the judgment is of no import because it is well established that the doctrines of collateral estoppel and *res judicata* apply to valid, final judgments, whether or not an appeal is pending. *Dickinson v. Ewing (In re Ewing)*, 852 F.2d 1057, 1060 (8th Cir. 1988). *Accord Reed v. Allen*, 286 U.S. 191, 52 S.Ct. 532, 76 L.Ed. 1054 (1932).

based upon the same factual issue to be decided in this proceeding, the state court finding is, in the normal course, entitled to collateral estoppel effect. *See In re Speight,* 16 F.3d 287 (8th Cir.1994).

Accordingly, inasmuch as a court of competent jurisdiction has previously confirmed the sale of the subject real property to the defendants Meins, in which proceeding the debtor had a full and fair opportunity to assert his interest, but did not do so, the debtor is precluded from now asserting an interest in the property.

█ Debtor is also prohibited under Arkansas law from challenging the validity of the state court order. The Arkansas Code provides that,

> The findings of fact and conclusions of law essential to the validity of a sale, mortgage, lease, exchange, or conveyance of property of an estate by a personal representative, as contained in an order authorizing the sale or other disposition, or in an order confirming the sale or other disposition of property, shall not be subject to collateral attack.

A.C.A. § 28–51–109 (1987).[7]

Debtor asserts that he entered into a contract with his father to purchase the real estate in 1987. Even assuming that such a contract was entered into and that debtor made the payments as required, debtor may not now attack the state court order and sale pursuant to that order because the evidence is uncontroverted that the property was sold to good faith purchasers for value. *See generally Tsafaroff v. Taylor (In re Taylor),* 884 F.2d 478 (9th Cir.1989) (Rule that actions in violation of the stay are void is limited "by the protections afforded a bona fide purchaser of real estate by bankruptcy and state real property laws."). *Compare Groupe v. Hill (In re Hill),* 156 B.R. 998 (Bankr.N.D.Ill. 1993) (turnover by good faith purchasers of real property who had no knowledge of the bankruptcy denied pursuant to 11 U.S.C. § 549(c) denied). There is no indication that debtor ever recorded his contract, as required by Arkansas law to protect his interest as against third parties. A.C.A. § 14–15–404(b). Indeed, the court-appointed guardian of the debtor's infirm father was not even aware of this contract. Accordingly, debtor may not assert an interest in the property.

The defendants filed a motion for summary judgment, appending the state court record and affidavits. No contest was made to the evidence presented in those affidavits and records. The evidence is uncontroverted that the Probate Court of Arkansas County, Arkansas filed an Order Approving Sale and an Order Confirming Sale, pursuant to Arkansas statutes. Those orders are valid and final inasmuch as they were not filed during the pendency of any automatic stay in bankruptcy. Even were the orders entered in violation of the bankruptcy stay, the acts of the debtor in virtually concealing his bankruptcy case from the litigants in the state court action, his failure to schedule the defendants in his bankruptcy case, his failure to assert an interest in the property before the probate court until October 1993, his failure to object to the sale of the property in the state court proceedings, the reliance by the defendants in consummating the sale of property, and the prejudice to the defendants if the sale is invalid would in any event compel this Court to annul any automatic stay in bankruptcy with regard to those state court orders. Those orders being valid, they are entitled to full faith and credit in this Court. The determination of property interests being concluded by that sale, the debtor may not now collaterally attack the orders which approved the sale to third parties who had no notice of the bankruptcy or of any asserted interest by the debtor. The debtor has no interest in the subject real property such that his complaint must be dismissed.

**ORDERED** that the defendants' Motion for Summary Judgment, filed on August 26, 1994, is GRANTED. Judgment shall be rendered in favor of defendants by separate Order.

**IT IS SO ORDERED.**

---

7. This provision is applicable by virtue of A.C.A. § 28–65–314(d) which makes section 28–51–109 applicable to the sale of a ward's property by a guardian.