**In re Jimmy Ray PULLEY.**

**Bankruptcy No. 93–16199 S.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

April 22, 1996.

Basil Hicks, Jr., N. Little Rock, AR, for Jerry Langfitt.

John Ogles, Jacksonville, AR, for Jimmy Ray Pulley.

### ORDER GRANTING RELIEF FROM STAY

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the creditor Jerry Langfitt's Motion for Relief from Stay. The parties have submitted stipulated exhibits and briefs on the issues. In July 1993, the creditor Jerry Langfitt ("Langfitt") obtained a judgment against the debtor in the amount of $131,360.61 from the Superior Court of the State of California. Purportedly unaware of this debt, the debtor did not list this debt on his bankruptcy petition, filed on May 11, 1993. Unaware of the bankruptcy, Langfitt attempted to collect the debt, prompting the debtor to reopen his case to file a complaint to determine the dischargeability of the debt. After trial on the merits, this Court held that the debt was nondischargeable for wilful and malicious injury. 11 U.S.C. § 523(a)(3), (6). Langfitt now seeks retroactive relief from the stay in order to validate the judgment entered by the Superior Court in California during the pendency of the automatic stay in bankruptcy.

In May 1989, Langfitt filed a suit against Pulley and others in the Superior court located in San Bernardino, California for damage to his property. Arbitration was conducted in 1990 at which Pulley appeared, but no resolution was achieved. A hearing was held on February 25, 1992, at which Pulley appeared; the parties were advised by the court that trial was set on that date for September 24, 1992. Trial was held on September 24, 1992, at which Pulley failed to appear. At some point during the litigation, Pulley moved to Arkansas, but apparently

did not advise the California court of his whereabouts.

Now residing in Arkansas, Pulley filed this bankruptcy case on May 11, 1993. Despite the fact that he knew a case had been pending against him in California, Pulley made no effort to schedule the claim on his bankruptcy petition. Although trial was held in September, and the California Superior Court issued its minute order in October 1992, judgment in the California case was not entered until July 23, 1993, after the filing of the bankruptcy petition. Following Langfitt's attempt to register his California judgment against Pulley in Arkansas, Pulley moved to reopen his case in order to have the debt determined discharged in this case.

■ Inasmuch as the state court judgment was entered after Pulley filed this bankruptcy case, it is presumptively "invalid." *See generally Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 909, 910 (6th Cir. 1993) (defining and distinguishing "void," "voidable," and "invalid,"). However, this Court does have the power and authority to retroactively validate those orders assertedly entered in violation of the stay. *Schwartz v. United States (In re Schwartz )*, 954 F.2d 569 (9th Cir.1992); *Easley*, 990 F.2d 905; *In re Siciliano*, 167 B.R. 999 (Bankr.E.D.Pa.1994). Even those cases which hold that a violation of the stay renders acts void offer limited exceptions to the rule. For example, where the "debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result," the protections of section 362(a) are unavailable to the debtor. *Easley*, at 911. *Accord In re Calder*, 907 F.2d 953, 956 (10th Cir.1990) ("[C]ourts will apply equitable considerations at least where the creditor was without actual knowledge of a bankruptcy petition and the bankrupt's unreasonable behavior contributed to the creditor's plight."); *Matthews v. Rosene (In re Matthews )*, 739 F.2d 249 (7th Cir.1984) (laches barred attempt to void judgment as violative of the stay); *In re Smith Corset Shops, Inc.*, 696 F.2d 971, 976–77 (1st Cir. 1982) (debtor remained "stealthily silent" while creditor obtained default judgment); *Tim Wargo & Sons, Inc. v. Equitable Life Assurance Society*, 34 Ark.App. 216, 809 S.W.2d 375 (Ark.Ct.App.1991).

■ Acts in violation of the stay are invalid until such time as relief from stay is granted upon a proper showing by the creditor. The stay exists from the moment of filing and is enforceable until such time as the stay is lifted. Thus, it should not be the debtor's burden to void an act taken in violation of the stay. *See generally Easley v. Pettibone Michigan Corp.*, 990 F.2d 905. Accordingly, Langfitt must demonstrate that retroactive relief from the stay is merited.

■ Moreover, this Court believes that it must be rigorous in protecting the integrity of the automatic stay in bankruptcy. Accordingly, retroactive relief from stay, *i.e.*, validation of acts taken in violation of the stay, whether or not made with knowledge of the bankruptcy, will not be lightly granted. *See In re Kissinger*, 72 F.3d 107, 109 (9th Cir.1995) ("Retroactive annulment should be 'applied only in extreme circumstances.' "); *In re Burrell*, 186 B.R. 230 (Bankr.E.D.Tenn. 1995). In order to obtain retroactive relief from the stay, the creditor not only must have been unaware of the bankruptcy case, but also should show prejudice or some element of bad faith on the part of the debtor, *i.e.*, that the debtor unreasonably withheld notice of the stay, is attempting to use the stay unfairly as a shield, or some other act of bad faith.

■ The Court finds that Langfitt has met his burden of proof with regard to each of these elements. The debtor did not even schedule the debt to Langfitt, much less make any attempt to provide notice to the California litigants of his bankruptcy case. Accordingly, Langfitt has demonstrated that he was without knowledge of the bankruptcy at all relevant times.

Secondly, although this issue is close, there is prejudice to Langfitt if relief from stay is not granted because of the geographical distance in finalizing the California litigation. Indeed, it is easily argued that there is prejudice to Pulley inasmuch as he, too, would be required to continue litigation in California

should relief not be granted. The underlying cause of action on the debt was fully litigated in the California Superior Court; both parties now reside in the South–Central United States, far from that venue.

This issue is close only because the Court does not believe that the debtor would in fact be permitted to relitigate his case. Although both parties presume that Pulley would in some manner be able to relitigate the merits of his case, the only act related to the California litigation which was in violation of the stay is entry of the judgment. The trial and entry of the minute orders were all properly made. The Court sees no reason why relitigation of any of those matters is necessary. Were retroactive relief from the stay *not* granted, it appears to this Court that Langfitt need only move the California court for entry of final judgment as a ministerial matter. However, the debtor's assertion that he would attempt to relitigate the state court proceeding enhances the cost and prejudice to Langfitt. Thus, there does exist prejudice to Langfitt if relief from stay is not granted.

█ In making this determination, the Court is mindful that there is always some prejudice in having to cancel a sale at the last moment or move the state court to re-enter its judgment. Such costs alone however, are insufficient to show prejudice to the creditor. The Court does not believe, for example, that the facts in *In re Khozai,* 177 B.R. 524 (E.D.Va.1995), as they are described in that opinion, are sufficiently egregious to merit retroactive relief from the stay. That case appears to rely only upon the fact that the sale of property took place only one day after the bankruptcy case was filed to permit retroactive relief from the stay. Were such the standard, motions for retroactive relief from stay could be granted in innumerable cases inasmuch as bankruptcy cases are often filed to forestall a foreclosure sale. In the instant case, however, the debtor's assertion that he will attempt to relitigate the entire case and the costs associated with the geographic distance involved in obtaining a new judgment are sufficient to show prejudice to Langfitt.

Third, the Court finds that the debtor is, in fact, using the automatic stay unfairly. The debtor deliberately did not advise either the state court or the other parties of his bankruptcy, despite the fact he was aware of the pending trial date. Now, years after fleeing his responsibilities in the State of California and failing to advise of his change of address, the debtor seeks to relitigate a case that was filed in 1989 and tried in 1992. Although the stay only invalidates the entry of the final judgment, the debtor apparently seeks to relitigate the entire case. Such is clearly an unfair use of the automatic stay in bankruptcy which will not be permitted.

█ Finally, Pulley argues that Langfitt waited too long in filing his motion for retroactive relief, relying on language in this Court's opinion in *Reichenbach v. Kizer (In re Reichenbach),* 174 B.R. 997 (Bankr. E.D.Ark.1994), *appeal filed,* No. 5–95cv–48 (E.D.Ark. filed Dec. 15, 1994) ("Clearly, since the burden is upon the creditor, the better course is for a creditor to immediately, upon learning of the bankruptcy case, to file a motion to retroactively lift the stay in order to have its violative acts validated."). However, in this case, to immediately file, and for the court to immediately hear, a motion for lifting of the stay would have been a waste of court resources and attorney fees because it was not until such time as the Court rendered its opinion of nondischargeability that the matter was even ripe for adjudication. Had the matter been determined to be dischargeable, a motion for relief from stay would have provided nothing to Pulley since the debt would have been discharged. Langfitt did in fact file the motion for retroactive relief promptly, even during the pendency of the dischargeability proceeding. However, inasmuch as determination of dischargeability was required to be heard first, the matter was not called for trial until after a final order was entered in the dischargeability proceeding.

Although the final judgment in the California proceeding was entered in violation of the automatic stay, Langfitt has demonstrated that retroactive relief from the stay is appropriate. Accordingly, it is

**ORDERED** that the Motion to Annul Automatic Stay, filed on October 3, 1995, is

GRANTED. The judgment of the Superior Court of the State of California for the County of San Bernardino in the case *Langfitt v. Pulley*, No. SCV 249–282 (entered July 23, 1993) is a valid judgment despite its entry during the pendency of this bankruptcy case.

**IT IS SO ORDERED.**