**Nola P. RICHMOND, Appellant,**

v.

**BOARD OF REGENTS OF the UNIVERSITY OF MINNESOTA, Ella Fort, Elnore Beckman, Emily Hoecherl, Roger Forrester, Nan Moore, individually and in their representative capacities, Appellees.**

**No. 91–1103.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1991.

Decided Feb. 25, 1992.

Thomas Wilson, St. Paul, Minn., argued, for appellant.

James Borgestad, Minneapolis, Minn., argued (Rita McConnell, on the brief), for appellees.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

WOLLMAN, Circuit Judge.

Nola P. Richmond appeals from summary judgment entered against her in a discrimination suit against the University of Minnesota. We affirm.

## I.

Richmond, a black woman in her fifties, began working for the University of Minnesota Personnel Department in 1981. Her employment there was continuous until she was discharged on April 1, 1988, with the exception of approximately three weeks in October of 1986, when she transferred to another department. Richmond returned to the Personnel Department when she discovered that the new job was not as it was described.

Prior to Richmond's transfer to the other department, she and Ella Fort, a younger black woman, shared job duties and work space. Elnore Beckman, the Personnel Department supervisor, was also in the same work space and could closely supervise their work. Beckman is a white woman older than Richmond. After Richmond left Personnel, Beckman reorganized the department to make it more efficient. This resulted in the elimination of Richmond's position to free up funding for other purposes and reclassification of other positions in the department. Beckman had to get approval for special funding in order to rehire Richmond.

The reorganization also resulted in Beckman's moving to a separate office, so that she could no longer directly supervise Richmond. Without this close supervision, Richmond began to make numerous mistakes. Fort, who by this time supervised Richmond, and Beckman worked with Richmond to improve her performance. When this did not succeed, Richmond was issued a written warning, then suspended for three days, and, finally, fired. This progressive discipline took place over a period of eighteen months.

Richmond grieved her termination through the University grievance system, then filed grievances with the Equal Employment Opportunity Commission and

with the Minnesota Human Rights Commission. Having exhausted these remedies without success, Richmond brought suit in district court against the University and its Board of Regents; Beckman and Fort; Beckman's supervisor, Emily Hoecherl; Roger Forrester, the Director of Personnel; and Nan Moore, a member of the Civil Service Advisory Committee. Richmond alleged race and age discrimination in violation of 42 U.S.C. §§ 1981, 1983, 1985, and 2000e *et seq.* (portions of the Civil Rights Act of 1964), 29 U.S.C. § 623 (the Age Discrimination in Employment Act), and Minnesota Statute § 363.03 (the Minnesota Human Rights Act). She also alleged wrongful discharge, defamation and wrongful dissemination of private data in violation of state law.

The district court granted defendants' motion for summary judgment on all the allegations. The court found that Richmond had not raised a genuine issue of intentional discrimination under section 1981; that the University is not a "person" for purposes of section 1983 and the individual defendants enjoyed qualified immunity; that the University could not conspire with its own agents for purposes of section 1985; that the Title VII and ADEA claims failed because the University gave a legitimate reason for Richmond's dismissal; and that the court could not exercise jurisdiction over the state law claims after it granted summary judgment on the federal claims.

Richmond appeals, claiming in her initial brief that the district court erred in granting summary judgment on her claims under 42 U.S.C. §§ 1981 and 1983 and 29 U.S.C. § 623. In her supplementary brief, filed *pro se*, she claims that the district court erred in granting summary judgment on all the allegations.

We review the denial of a summary judgment motion de novo. Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

(1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A court must enter summary judgment against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

## II.

Defendants argued to the district court that Richmond could not bring a claim for discriminatory discharge under section 1981. The court recognized that the Supreme Court has held that section 1981 cannot be the basis for a claim for racial harassment in the employment relationship. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), *superseded in part by* the Civil Rights Act of 1991. The court, however, found itself bound by a previous Eighth Circuit case which had concluded that *Patterson* did not bar section 1981 suits for racially discriminatory discharges. *See Hicks v. Brown Group, Inc.*, 902 F.2d 630 (8th Cir.1990), *vacated and remanded*, —— U.S. ——, 111 S.Ct. 1299, 113 L.Ed.2d 234 *remanded with instructions to dismiss with prejudice*, 946 F.2d 1344 (1991).

Defendants renew their argument here, stating that because *Hicks* has now been vacated, this issue is controlled by *Taggart v. Jefferson County Child Support Enforcement Unit*, 935 F.2d 947 (8th Cir. 1991) (en banc) (claim for racially discriminatory termination not actionable under section 1981). However, since the briefs were filed in this matter, Congress has passed the Civil Rights Act of 1991, which specifically overruled that portion of *Patterson* upon which the majority in *Taggart* relied. This raises the question of whether the Civil Rights Act should be applied retroactively to cases pending upon its passage. We need not decide this question at this time, since we affirm the district court's decision on the section 1981 claim on other grounds.

■ To meet her burden of showing a prima facie case of discrimination under Title VII, section 1981, section 1983, or the ADEA, Richmond must show: that she belongs to a protected class; that she was qualified for the job from which she was discharged; that she was discharged; and that after her discharge, the employer sought people with her qualifications to fill the job. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973) (establishing prima facie case for Title VII cases); *Patterson,* 491 U.S. at 186–87, 109 S.Ct. at 2377–78 [1] (applying same prima facie showing to cases brought under section 1983); *Scharnhorst v. Independent School Dist. # 710,* 686 F.2d 637 (8th Cir.1982), *cert. denied,* 462 U.S. 1109, 103 S.Ct. 2459, 77 L.Ed.2d 1337 (1983) (same for ADEA). If Richmond meets the burden of producing a prima facie case, the burden then shifts to defendants to articulate a legitimate, non-discriminatory reason for Richmond's discharge. *See McDonnell Douglas,* 411 U.S. at 802–03, 93 S.Ct. at 1824. If defendants meet this burden of production, Richmond then must prove by a preponderance of the evidence that defendants' reasons are merely pretext for discrimination. *See id.*

■ The district court found that Richmond had not met her burden of showing a prima facie case for her Title VII claim, that defendants had articulated a legitimate, non-discriminatory reason for her discharge, and that Richmond had produced no evidence that the reason proffered was pretextual. Richmond argues on appeal that her deposition does set forth a genuine issue of material fact.

The district court found that Richmond's prima facie case failed because her poor work performance showed that she was not qualified for her job. After examining the record, we must agree. Defendants produced abundant documentation, covering approximately eighteen months, that Rich-

mond's performance was unsatisfactory, that she ignored progressive warnings and discipline, and that her performance did not improve. Since the prima facie showing for a section 1981 claim is the same as for a Title VII claim, Richmond's claim fails. Additionally, defendants proffered a legitimate, non-discriminatory reason for Richmond's discharge—her unsatisfactory job performance. Richmond has not come forward with any evidence to show that this reason is pretextual. Thus, Richmond's section 1981 claim fails.

Richmond's section 1983, Title VII, and section 623 claims fail for the same reasons. Because Richmond cannot show an element essential to her case, and because defendants came forward with a legitimate, non-discriminatory reason for her discharge, summary judgment on these allegations was proper.[2]

■ Richmond's claim under section 1985 must also fail. Section 1985 prohibits conspiring to deprive individuals of their civil rights because of race. The district court found that the intracorporate conspiracy doctrine precludes this claim. *See Cross v. General Motors Corp.,* 721 F.2d 1152, 1156 (8th Cir.1983) (corporation cannot conspire with itself through its agents when the acts of the agents are within the scope of employment), *cert. denied,* 466 U.S. 980, 104 S.Ct. 2364, 80 L.Ed.2d 836 (1984); *see also Runs After v. United States,* 766 F.2d 347, 354 (8th Cir.1985) (intracorporate conspiracy doctrine applies to governmental entities). Richmond argues that the individual defendants acted out of personal animosity, and thus acted outside the scope of their employment. She, however, produced no evidence to show such animosity, and the record reflects none.

■ Having granted summary judgment on the federal claims, the district court had

---

**1.** Although the Civil Rights Act of 1991 superseded a portion of *Patterson,* it did not affect the application of the *McDonnell Douglas* prima facie showing to section 1981 cases. *See Stender v. Lucky Stores, Inc.,* 780 F.Supp. 1302, 1303 (N.D.Cal.1992).

**2.** In addition, we note that the Age Discrimination in Employment Act states that it is not unlawful "to discharge or otherwise discipline an individual for good cause." 29 U.S.C. § 623(f)(3).

no jurisdiction over the state law claims against the University and its officers. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (Eleventh amendment bars federal suits against state officials when the state is the real party in interest). Thus, summary judgment was proper as to all the allegations.

We thank appointed counsel for his work on this appeal.

The judgment of the district court is affirmed.