**In re Murray F. ARMSTRONG.**

**William S. Meeks, Trustee, plaintiff,**

**v.**

**The Bank of Rison, defendant.**

**Bankruptcy No. 96–50087 S.
Adversary No. 98–5010.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Feb. 26, 1999.

Thomas Streetman, Crossett, AR, for plaintiff.

Alan Humphries, Joseph A. Strode, Pine Bluff, AR, for defendant.

### ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant's Motion for Partial Summary Judgment, filed on July 22, 1998, to which the trustee responded on August 10, 1998. The complaint in this action alleges that the defendant bank is an insider of the debtor in that the defendant facilitated the debtor's ability to operate a Ponzi scheme, exerted control over the debtor by determining which deposits would receive immediate credit, and by determining which checks would be paid and which would be held for later payment. The court extended the time to respond to the motion for summary judgment to January 1999 in order for the trustee to conduct discovery. The trustee has submitted his supplemental response to the motion for summary judgment.

The standards for grant or denial of a motion for summary judgment are well-settled. Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548.

After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. Accordingly, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Richmond v. Board of Regents of the University of Minnesota,* 957 F.2d 595, 597 (8th Cir.1992). This apportionment is important for purposes of a motion for summary judgment: when, as here, the moving party does not have the burden of proof on the issue, it need show only that the opponent cannot sustain its burden at trial. *Calderone v. United States,* 799 F.2d 254, 259 (6th Cir.1986). Of course, the trial judge must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence on the credibility of witnesses. *Windon Third Oil and Gas Drilling v. Federal Deposit Insurance Corporation,* 805 F.2d 342, 346 (10th Cir.1986), *cert. denied,* 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987). In the instant case, the trustee bears

the burden of demonstrating that the defendant bank is an insider. 11 U.S.C. § 547(g).

The trustee's complaint consists of thirty two counts, four of which seek an accounting from the bank, eight of which seek avoidance of fraudulent transfers pursuant to 11 U.S.C. § 548(a), and twenty of which seek to set aside transfers as preferences pursuant to 11 U.S.C. § 547(b). The complaint alleges that the bank, one of its directors, and a partnership in which the director was a member, are insiders of the debtor. A large number of the preference counts seek to set aside transfers made by the debtor to the bank within the one-year period before the filing of this bankruptcy case. The defendant bank's motion for summary judgment asserts that the trustee cannot sustain his burden of demonstrating that the bank is an insider under the Bankruptcy Code such that partial summary judgment should be granted in its favor.

In order to equalize treatment among creditors, the trustee is entitled to set aside transfers made to creditors within the ninety-day period before a bankruptcy case is filed if all of the elements of a preference under section 547(b) are met and the exceptions under section 547(c) do not apply. However, if the transfers are made to "insiders" of the debtor, the trustee may seek to avoid transfers made during the one-year period prior to the bankruptcy filing.

■ Section 101 of the Bankruptcy Code provides a lengthy list of persons who qualify as insiders, including, relatives, partners, affiliates as defined in section 101(2), and managing agents. Some of these terms are narrowly defined, some are generally defined, some are described, and others are not defined at all. *See generally* 11 U.S.C. § 101(31). The bank's assertion that the trustee must prove that the bank falls within one of the defined paragraphs of section 101(31) is incorrect because the statute begins with the non-exclusive term "includes." *See* 11 U.S.C. § 102(3) (" 'includes' and 'including' are not limiting"); *Huckfeldt v. Huckfeldt,* 39 F.3d 829, 831 (8th Cir.1994) ("Use of the introductory word 'including' means that these three types of 'cause' are nonexclusive."). Accordingly, the trustee is not limited to the narrow listing or defini-

tions contained in the paragraphs of section 101(31).

■ In determining who is an insider, the Court must examine the closeness of the purported insider to the debtor, the degree to which the former is able to exert control or influence over the debtor, and whether the transactions between them were conducted at arms length. *In re Sullivan Haas Coyle, Inc.,* 208 B.R. 239 (Bankr.N.D.Ga.1997). The primary focus of the determination is upon the degree of control. A formal relationship between the parties is persuasive but is not determinative. *Matter of Fabricators, Inc.,* 926 F.2d 1458 (5th Cir.1991).

■ The examination of the level of control must be made with the understanding that control over financial affairs may be an unavoidable circumstance attendant to many creditor-debtor relationships. *See ABC Elec. Serv. Inc. v. Rondout Elec., Inc., (In re ABC Elec. Serv. Inc.),* 190 B.R. 672 (Bankr.M.D.Fla.1995). Therefore, as a general rule, the Courts have been reluctant to construe financial oversight—even intrusive oversight—as the control required to impose insider status. The fact that a creditor examines, monitors, and even controls some aspects of the debtor's financial affairs does not render the creditor an insider. *In re Meridith Millard Partners,* 145 B.R. 682, 688 (D.Colo.1992), *aff'd,* 12 F.3d 1549 (10th Cir.1994), *cert. denied,* 512 U.S. 1206, 114 S.Ct. 2677, 129 L.Ed.2d 812 (1994). Financial power alone does not render a creditor an insider. *In re Vinard,* 133 B.R. 217, 220 (Bankr.S.D.Ind.1991).

■ In determining whether a creditor, and particularly a bank, has the requisite level of control to be an insider, the courts examine whether the creditor had more ability to assert control than the other creditors, whether the creditor made management decisions for the debtor, directed work performance, and directed payment of the debtor's expenses. *ABC Elec. Serv. Inc. v. Rondout Elec., Inc., (In re ABC Elec. Serv. Inc.),* 190 B.R. 672 (Bankr.M.D.Fla.1995). There must be day-to-day control, rather than some monitoring or exertion of influence regarding financial transactions in which the creditor has

a direct stake. Thus, reliance on the debtor, a liberal loan policy, and accepting the debtor's projections at face value will not render the bank an insider. *Tinsley & Groom v. W. Ky Production Credit Assoc. (In re Tinsley & Groom)*, 49 B.R. 85 (Bankr.W.D.Ky.1984). The ability to deposit and to transfer checks to itself does not render the bank an insider as that power is incidental to the debtor-creditor relationship. *In re Hartley*, 52 B.R. 679 (Bankr.N.D.Ohio1985); *accord Gray v. Giant Wholesale Corp.*, 758 F.2d 1000 (4th Cir.1985). Even if the bank requires the debtor to submit frequent reports on receivables, invoices, and operations, receives all payments on the receivables, has the power to endorse checks, and obtain concessions from the debtor, the bank is not thereby an insider because there is no control of the day-to-day decision making of the debtor. *Tidwell v. AmSouth Bank (In re Cavalier Homes of Georgia, Inc.)*, 102 B.R. 878 (Bankr.M.D.Ga.1989). A close relationship with an officer or director of the bank is also insufficient to render the bank an insider. *Burner v. Security State Bank (In re Burner)*, 109 B.R. 216 (Bankr.W.D.Tex.1989).

In granting summary judgment in favor of the bank in *Damir v. Trans–Pacific National Bank (In re Kong)*, 196 B.R. 167 (N.D.Cal. 1996), the court noted that although the bank knew of the debtor's check-kiting, and threatened the debtor with prosecution, all of the pressure and acts were in connection with the debtor-creditor relationship such that the bank was not an insider. The element, that the bank be able to make the debtor's business decisions, was lacking. *Cf. Ellenberg v. William Goldberg & Co. (In re Sullivan Haas Coyle, Inc.)*, 208 B.R. 239 (Bankr.N.D.Ga.1997).

In the instant case, the only evidence is that Armstrong retained the ultimate control of his destiny. *Cf. In re Meridith Millard Partners*, 145 B.R. 682, 688 (D.Colo.1992), *aff'd*, 12 F.3d 1549 (10th Cir. 1993), *cert. denied*, 512 U.S. 1206, 114 S.Ct. 2677, 129 L.Ed.2d 812 (1994). Although the bank realized that debtor was kiting checks and did not follow through on its placement of Armstrong on a "good fund basis," *i.e.*, requiring him to have funds on deposit before checks would be paid, it was the debtor who decided what checks would be written and on which of his many bank accounts, and how much would be deposited into the account. The debtor alone determined his day-to-day expenses, indeed, to the point of recklessness. Even accepting all of the trustee's allegations and considering the trustee's evidence, *i.e.*, knowing of Armstrong's check-kiting, permitting the debtor to be overdrawn, determining which deposits would receive immediate credit, holding checks, and placing Armstrong on a good fund policy, as a matter of law, do not rise to the level of control required for a bank to be considered an insider for purposes of section 547. Even if the bank aided, abetted, or otherwise facilitated the debtor in his activities, and may be liable to the trustee on other grounds, there is insufficient evidence, on this record that the defendant bank is an insider for preference purposes.

**ORDERED:** that the defendant's Motion for Partial Summary Judgment, filed on July 22, 1998, is Granted.

**IT IS SO ORDERED.**