**In re PRADO VERDE RANCH, INC.
and Prado Verde Ranch Limited
Partnership, Debtors.**

**Bankruptcy No. 99–16718.**

United States Bankruptcy Court,
D. New Mexico.

June 14, 2000.

Daniel J. Behles, Attorney at Law, Albuquerque, NM, Steven H. Mazer, Attorney at Law, Albuquerque, NM, for debtors.

### *MEMORANDUM OPINION*

MARK B. McFEELEY, Chief Judge.

THIS MATTER came before the Court on the Motion by Debtor Prado Verde Ranch, Inc. for Approval to List with River Valley Realty, Inc. Certain Bosque Property ("Motion"). Prado Verde Ranch, Inc. ("Debtor") seeks Court approval of the employment of River Valley Realty, Inc. ("River Valley") as agent to sell parcels of real property owned by the Debtor for a 10% commission. Deb Olson, President and 50% shareholder of River Valley, is also the step-daughter of Jerome Willis, principal and owner of the Debtor. At issue is whether River Valley can be employed as real estate broker for the Debtor pursuant to 11 U.S.C. § 327.

After conducting a final hearing on the Motion, reviewing the letter memoranda submitted by counsel, and being otherwise fully informed, the Court finds that the relationship of River Valley and its owner to the Debtor disqualifies River Valley from employment as real estate agent to sell property of the Debtor.

### DISCUSSION

The employment of professional persons is governed by 11 U.S.C. § 327.[1]

1. The employment of professional persons in a Chapter 11 proceeding is also governed by

Real estate brokers hired for the purpose of selling a debtor's real property are considered professionals whose employment requires court approval under 11 U.S.C. § 327. *See United States Trustee v. Bloom (In re Palm Coast, Matanza Shores Ltd. Partnership)*, 101 F.3d 253, 257 (2nd Cir.1996) (professional persons are those persons who play a central role in administration of the estate, such as selling property of the estate). In order to qualify for employment as a professional person under 11 U.S.C. § 327, a professional person must "not hold or represent an interest adverse to the estate" and must be "disinterested." 11 U.S.C. § 327(a). A disinterested person "is not a creditor, an equity security holder or an insider." 11 U.S.C. § 101(14)(A).

■ Whether River Valley is an insider determines whether the Debtor can employ River Valley as its real estate broker. If River Valley is an insider, the Court cannot approve River Valley's employment under 11 U.S.C. § 327(a). *See Childress v. Middleton Arms, L.P. (In re Middleton Arms, Ltd. Partnership)*, 934 F.2d 723, 725 (6th Cir.1991) (bankruptcy court cannot use equitable powers under § 105 to approve employment of professional who is not disinterested). The Bankruptcy Code defines "insider" as follows:

(B) if the debtor is a corporation—

    (i) director of the debtor;

    (ii) officer of the debtor;

    (iii) person in control of the debtor;

    (iv) partnership in which the debtor is a general partner;

    (v) general partner of the debtor, or

    (vi) relative of a general partner, director, officer, or person in control of the debtor;

(C) if the debtor is a partnership—

    (i) general partner in the debtor;

    (ii) relative of a general partner in, general partner of, or person in control of the debtor;

    (iii) partnership in which the debtor is a general partner;

    (iv) general partner of the debtor; or

    (v) person in control of the debtor;

11 U.S.C. § 101(31)(A) and (B).

The list of insider relationships is instructive, but not exhaustive. *See In re Armstrong*, 231 B.R. 746, 749 (Bankr.E.D.Ark. 1999); *In re Century Investment Fund VII Ltd. Partnership*, 96 B.R. 884, 892 (Bankr.E.D.Wis.1989).

■ River Valley technically does not fit within the definitions of "insider" contained in the Bankruptcy Code. Debtor urges the Court to find, therefore, that River Valley qualifies for employment as a professional person under 11 U.S.C. § 327. This Court disagrees. Deb Olson is an insider of River Valley. She is the stepdaughter of the principal owner of the Debtor. The connections between the Debtor and River Valley are too close. While River Valley is not technically an insider of the Debtor because it is a corporation separate and distinct from its shareholders, it is very closely associated with the Debtor by virtue of Deb Olson's dual position as 50% shareholder and President of River Valley, and as step daughter of the principal of the Debtor. In addition, the Court has already approved Deb Olson's employment as ranch manager for the Debtor. Her insider status disqualifies her and the corporation of which she is President and 50% shareholder.

For the foregoing reasons, the Court concludes that River Valley is disqualified from employment by the Debtor under 11 U.S.C. § 327(a). An appropriate order will be entered. This opinion constitutes the Court's findings of fact and conclusions

11 U.S.C. § 327 because 11 U.S.C. § 1107(a) gives the debtor-in-possession the rights, pow-

ers and duties of a trustee.

of law ·in accordance with Rule 7052, Federal Rules of Bankruptcy Procedure.